[Civ. No. 18240.   First Dist., Div. Two.   May 15, 1959.]

VESTA M. STEWART, Appellant, v. PETER (TONY) BARONAGAN MIRANDA et al., Defendants; WILLIAM JOHN VAN IDERSTINE et al., Respondents.

Johnson, Thorne, Speed & Bamford for Appellant.

Campbell, Custer, Warburton & Britton and Alfred B. Britton, Jr., for Respondents.

DRAPER, J.—This personal injury action was tried to the court sitting without a jury. Defendants' motion for nonsuit was granted, and plaintiff appeals from the ensuing judgment.

Plaintiff was a passenger upon a bus owned by defendant corporation and driven by the individual defendant. In a previous trial to a jury, verdict and judgment were in favor of plaintiff against the present defendants and also against one Miranda, driver of an automobile which collided with the bus. Motion of the bus company and driver for new trial was granted. This appeal arises from the retrial. The original judgment against Miranda has long since become final.

When she first entered the bus, plaintiff took a seat. Later the bus became crowded. As the bus neared her destination, plaintiff stood up to give her seat to an elderly passenger standing in the aisle and, she says, partly to enable her to see where the bus was in relation to the stop she desired. While she was standing the bus and Miranda's car collided, the bus stopped abruptly, and plaintiff fell, sustaining the injury for which she sues.

In passing upon a motion for nonsuit, the court must assume that all relevant evidence in favor of the plaintiff is true, and must resolve all reasonable inferences and doubts in favor of plaintiff. (See cases cited in 16 Cal.Jur.2d, 208-218, Dismissal, etc., §§ 45-50.) It is only when this test shows the lack of an element essential to plaintiff's case that nonsuit may properly be granted. This rule applies whether the trial is to the court or a jury. The argument against application of the rule in nonjury cases was well and persuasively stated in a recent case (*Lasry* v. *Lederman*, 147 Cal.App.2d 480, 488-490 [305 P.2d 663]), in which the District Court of Appeal reluctantly reversed judgment upon nonsuit in a nonjury case. Hearing was denied by the Supreme Court without a dissenting vote. It follows that the present judgment can be sustained only if the record shows no evidence

and warrants no inference that defendants were negligent or that their negligence, if so shown, was a proximate cause of plaintiff's injury.

■ But the testimony of the witness Miranda, driver of the car which collided with the bus, is enough to require denial of the motion for nonsuit. Miranda had but little understanding of the English language. His testimony is conflicting and at times confusing. However, giving weight only to those portions favorable to plaintiff, as the nonsuit rule requires, this evidence gives room for the inference that defendants' negligence proximately contributed to the collision and to the resulting abrupt stop which caused plaintiff's fall.

■ Miranda's negligence has been finally determined. But this is by no means a determination that his negligence was the sole cause of the collision. The negligence of two drivers may concur in proximately causing accident and injury. (*Taylor* v. *Luxor Cab Co.*, 112 Cal.App.2d 46 [246 P.2d 45].)

The parties argue the applicability of the code provision (Civ. Code, § 2185) which at the time of this accident required a common carrier to provide each passenger with a seat. Defendants argue that violation of this section constitutes only "a condition in the order of causation by which her injury was brought about" and not a proximate cause. (*Sweet* v. *Los Angeles Railway Co.*, 79 Cal.App.2d 195, 200 [179 P.2d 824].) Their reliance upon Sweet is misplaced. In that case the trial court had found, on all the evidence, that the negligence of an automobile driver who turned in front of the bus on which plaintiff was a passenger was the sole cause of plaintiff's injury. That finding resolved conflicts in the evidence. On the motion for nonsuit in the case at bar, the trial court was not authorized to weigh the evidence.

We are well aware that if the trial court had reached the point of weighing the evidence it could have found for defendants. Then the question would be only whether there was substantial evidence to support the finding. Such evidence clearly exists. But here a nonsuit was granted. At that stage the court could not weigh the evidence, but was compelled to accept all evidence favorable to plaintiff. In light of that rule, order granting nonsuit was improper.

Judgment reversed.

Kaufman, P. J., and Dooling, J., concurred.