[Civ. No. 21892. First Dist., Div. Three. Mar. 17, 1965.]

Estate of JOHN PACK, Deceased. ZENA PACK HAW-
KINS et al., Plaintiffs and Appellants, v. DORIS PACK,
Defendant and Respondent.

Phil N. Crawford for Plaintiffs and Appellants.

Crump, Bruchler & Crump and Bruce R. Bruchler for De-
fendant and Respondent.

SALSMAN, J.—Appellants brought an action against respondent seeking to quiet title to several parcels of real property. They also filed objections to respondent's first and final account of her administration of the estate of John Pack. Trial of the quiet title action and hearing on appellants' objections to respondent's account were consolidated. After presentation of all of appellants' evidence bearing upon the issue in the quiet title action, respondent moved for judgment of nonsuit. This motion was granted. Respondent then presented her account, and appellants presented their objections. Thereafter the court filed a formal order covering the issues raised in the quiet title action and by the objections to the account. The recitals of that order and their bearing upon the disposition of this appeal will be hereafter related.

There was evidence that decedent John Pack and respondent Doris Pack were married in 1942. Each had been previously married, and each had children the issue of their prior marriage. After marriage John and Doris acquired several parcels of real property and took title in their names as joint tenants. Some time before John's death they established separate bank accounts at different banks.

Appellants' contention in the quiet title action was that decedent and respondent had entered into an agreement which converted their joint tenancy property into property held ''as tenants in common as their separate property so that upon the death of either of them, the decedent's share would go to that decedent's respective children by a previous marriage.'' The existence of this alleged agreement presented the principal issue in the case.

There was evidence that the decedent had told various persons that, upon his death, one-half of his property would go to his children; that both decedent and respondent told at least one person that they wanted their respective shares of their jointly acquired property to go to their respective children. Respondent, in her testimony, denied the existence of any agreement to hold their real property other than as joint tenants.

After hearing all of the evidence the trial court entered a formal order in the consolidated proceedings. The order stated in part that ''. . . none of the allegations of the complaint were proved or established; that under any construction of the evidence there was no proof that at the time of his death, there was an agreement, understanding or inten-

tion between JOHN PACK and DORIS PACK, his wife that they owned the real property, title to which was held of record in joint tenancy, as separate property not in joint tenancy. . .'' Other provisions of this order directed dismissal of the quiet title action, pursuant to the court's previous order granting respondent's motion for a nonsuit, and overruled appellants' objections to respondent's first and final account, with exceptions not here relevant.

Appellants contend it was error for the trial court to grant respondent's motion for a nonsuit. Appellants point to the conflicting evidence in the trial record, and note the inferences that may reasonably be drawn from this evidence, and argue that, under long established rules relating to the granting of nonsuits, the ruling of the trial court was error. (See *Estate of Lances,* 216 Cal. 397, 400 [14 P.2d 768].) For reasons hereafter stated, we do not think this contention may be sustained, and hence the judgment must be affirmed.

On appeal, both sides assert in their briefs that all relevant evidence has been presented and the matters fully tried, even though all of the evidence in the quiet title action was introduced in the presentation of appellants' case. The propriety of the nonsuit is the principal issue on appeal.

Although this case was tried long after the enactment of Code of Civil Procedure section 631.8,[1] that statute was not called to the attention of the trial court, and both court and counsel seem to have been unaware of its existence. It is not mentioned by the parties in their briefs, although application of the statute to this appeal was discussed by counsel at oral argument.

When nonsuit could be granted in nonjury cases, the court was required to assume that all relevant evidence in favor of the plaintiff was true, and all reasonable inferences or doubts were to be resolved in plaintiff's favor. (*Stewart* v. *Miranda,* 170 Cal.App.2d 373, 374 [338 P.2d 941].) In ruling upon the motion, the court was not permitted to judge

---

[1]''After a party has completed his presentation of evidence in a trial by the court, the other party, without waiving his right to offer evidence in support of his defense or in rebuttal in the event the motion is not granted, may move for a judgment. The court as trier of the facts shall weigh the evidence and may render a judgment in favor of the moving party, in which case the court shall make findings as provided in Sections 632 and 634 of this code, or may decline to render any judgment until the close of all the evidence. Such motion may also be made and granted as to any counterclaim or cross-complaint.

''If the motion is granted, unless the court in its order for judgment otherwise specifies, such judgment operates as an adjudication upon the merits.'' (Code Civ. Proc. § 631.8.)

the credibility of the witnesses, or weigh the evidence. (*Lasry v. Lederman,* 147 Cal.App.2d 480, 488 [305 P.2d 663].) Application of these rules to trials before the court sitting without a jury was subject to substantial criticism. (See *Lasry* v. *Lederman, supra,* 147 Cal.App.2d 480, 488-489; *White* v. *Shultis,* 177 Cal.App.2d 641, 647 [2 Cal.Rptr. 414]; *Lich* v. *Carlin,* 184 Cal.App.2d 128, 138-141 [7 Cal.Rptr. 555]; Witkin, Cal. Procedure, 1963 Supp., pp. 574-575.)

■ The enactment of Code of Civil Procedure section 631.8 effectively abolished motions for nonsuit, where, as here, trial is before the court without a jury. (See 36 State Bar J. 710-711.) ■ The statute has substituted a motion for judgment in place of the former motion for nonsuit, and now imposes upon the trial judge the duty of weighing the evidence, and if the motion is granted, the further obligation of making findings of fact as provided in Code of Civil Procedure sections 632 and 634. ■ The findings of the trial court made after granting a motion for judgment pursuant to Code of Civil Procedure section 631.8 are entitled to the same respect on appeal as are any other findings of a trial court. If on appeal, such findings are supported by substantial evidence, a judgment based thereon must be affirmed. (See *Estate of Sharff,* 219 Cal.App.2d 128, 132 [33 Cal.Rptr. 52]; *Woolliscroft* v. *Starr,* 225 Cal.App.2d 667, 669 [37 Cal.Rptr. 570].)

■ Here, although counsel for respondent moved for a nonsuit rather than for judgment, and the trial court treated the motion as one for a nonsuit, nevertheless the requirements of Code of Civil Procedure section 631.8 have been met. From the colloquy between court and counsel after the motion for nonsuit was made, it clearly appears that the trial judge did in fact weigh the evidence and testimony that had been received in support of appellants' case. The trial judge commented in part: ". . . we have, as the court sees it, no direct testimony of any agreement between the parties. There were statements that the decedent desired the property to go to his children. There are even statements that the surviving spouse desired it the same way or intended it. . . The court feels that the evidence falls short of what is required under the ruling in all of the cases that have come to the court's attention. It may be unfortunate that the parties are not aware of what would be necessary and that their personal intentions might not control, but apparently there was no agreement so far as the court can see from

the evidence or even so far as the court can infer that the parties, during their lifetime, intended both—both intended that the property should be held other than in joint tenancy. There was no treating of the property as community in one sense as in some of the other cases there are, as if, for illustration, both of them had made identical wills saying that they're leaving their one-half interest to their own children; and the other half-interest, of course, is the community property of the surviving spouse. There is no such evidence. There isn't, in the court's opinion, any sufficient evidence from which the court could infer that the parties intended between themselves that during their lifetime the property should be held as—in tenancy in common or as community property.'' This comment, and others contained in the trial transcript, demonstrate that the trial judge weighed the evidence before ruling upon respondent's motion.

There remains the question of findings, required by the express language of section 631.8. Adequate findings were made here. In its formal order, concerning the issues presented in the consolidated proceedings, the trial court expressly found: ''The witnesses and proof on the part of the plaintiffs and objectors were heard and Plaintiffs and Objectors rested whereupon the defendant moved for a nonsuit for the insufficiency of plaintiffs' proof in civil Action No. 8245; and, it appearing to the Court that none of the allegations of the complaint were proved or established; that under any construction of the evidence there was no proof that at the time of his death, there was an agreement, understanding or intention between JOHN PACK and DORIS PACK, his wife that they owned the real property, title to which was held of record in joint tenancy, as separate property not in joint tenancy, in accordance with the issues framed in the pretrial conference order on file herein; and, by reason thereof the Court having duly considered the motion on the 19th day of September, 1963, granted the same and ordered that judgment be entered accordingly.''

 The purpose of findings is to answer questions raised by the pleadings and to make the case more susceptible to review by disclosing the exact grounds upon which the judgment rests. (*Taliaferro* v. *Taliaferro*, 178 Cal.App.2d 146, 147 [2 Cal.Rptr. 719].) It is clear that this purpose has been served by the order of the trial judge. Thus the essential requirements of the statute have been met, and the judgment should be affirmed. Both sides agree they have

presented all of their evidence. Reversal would require no more than that respondent's motion be couched in the language of the statute and that the court's findings and judgment be given a more appropriate label. Form would be exalted above substance and the cause of justice advanced not at all.

The judgment and orders appealed from are affirmed.

Draper, P. J., and Devine, J., concurred.

A petition for a rehearing was denied April 13, 1965, and appellants' petition for a hearing by the Supreme Court was denied May 12, 1965.