[Civ. No. 22266. First Dist., Div. Two. Jan. 20, 1966.]

MILTON MEYER & CO., Plaintiff and Appellant, v. ANTHONY J. CURRO et al., Defendants and Respondents.

Theodore M. Monell for Plaintiff and Appellant.

Malcolm J. Rainsford and Vincent Hallinan for Defendants and Respondents.

AGEE, J.—Plaintiff real estate broker appeals following denial of its claim for a real estate commission of $11,875 on the sale of an apartment building located on the southeast corner of Polk and Bush Streets, San Francisco.

When plaintiff rested its case in chief the court, sitting without a jury, granted the respective motions of the three defendants for "nonsuit."

The 1961 enactment of Code of Civil Procedure section 631.8 abolished the motion for *nonsuit* in nonjury civil trials and replaced it with the motion for *judgment*. (*Estate of Pack,* 233 Cal.App.2d 74, 77 [43 Cal.Rptr. 361]; *Greening* v. *General Air-Conditioning Corp.,* 233 Cal.App.2d 545, 550 [43 Cal.Rptr. 662].) We shall treat the motions made as motions for judgment.

The trial was held on December 30 and 31, 1963. Apparently both court and counsel were unaware of the enactment of section 631.8, which provides in pertinent part as follows: "After a party has completed his presentation of evidence in a trial by the court, the other party, without waiving his right to offer evidence in support of his defense or in rebuttal in the event the motion is not granted, may move for a judgment. The court as trier of the facts shall *weigh* the evidence and may render a judgment in favor of the moving party, *in which case the court shall make findings* as provided in Sections 632 and 634 of this code, . . ." (italics added). In the instant case, findings were never made nor were they waived.

Plaintiff's notice of appeal is "from the judgment of nonsuit in the above entitled action entered in favor of each of

the defendants . . . on December 30, 1963." This obviously refers to the minute order to this effect, entered on said date.

Such minute order is no longer appealable, even in cases where compliance with section 631.8 is not required. While Code of Civil Procedure section 581c provides for a nonsuit in jury cases, the next section (581d) provides that "All [such] dismissals ordered by the court shall be in the form of a written order signed by the court and filed in the action. . . ." No such order was signed.

A formal judgment in favor of defendant Vivian Hallinan, dated December 30, 1963, was signed by the court and filed on January 6, 1964. However, where findings are required and not waived it is necessary to set such a judgment aside. (*Gilmore* v. *Gilmore,* 99 Cal.App.2d 186, 187 [221 P.2d 123] ; 2 Witkin, Cal. Procedure (1954) p. 1833.)

Upon conclusion of the trial as to defendant Curro's cross-complaint against plaintiff, judgment was ordered in favor of plaintiff. A December 31, 1963 minute order, after reciting such decision, states: "Findings were not waived by respective counsel." The order directs cross-defendant (plaintiff) to prepare findings. This was never done.

Since this action must be remanded, attention is called to *Crocker-Anglo Nat. Bank* v. *Kuchman,* 194 Cal.App.2d 589 [15 Cal.Rptr. 230], wherein plaintiff's appeal from an adverse judgment was dismissed, the court stating that "this appeal is premature because the cross-complaint and the answer thereto are still pending and a final judgment has not been entered in the cause."

While the point may affect only the appeal of plaintiff as to defendant (and cross-complainant) Curro, a question which we are not deciding, the cross-complaint should be disposed of by the lower court before any further appeal is attempted.

The final issue before us is whether plaintiff suffered any prejudice by reason of the noncompliance with the provisions of section 631.8.

Defendant Vivian Hallinan contends that "there is a complete absence of any evidence whatsoever which would justify an award" against her and therefore "there was no necessity for making any finding[s]." The grounds urged in support of such contention will be discussed in the order made.

The complaint alleges and Hallinan's answer denies that plaintiff is a corporation; that prior to its incorporation on January 30, 1959, Milton Meyer and Walter H. Shorenstein were duly licensed real estate brokers, doing business as partners under the name of Milton Meyer & Co.; that they had complied with Civil Code section 2466; that they created and were the only stockholders of said corporation; that said corporation is also a duly licensed real estate broker; that upon the formation of said corporation, said partnership assigned its claims against defendants to the corporation.

The foregoing matters were not included among the issues in dispute set forth in the pretrial conference order and therefore do not require proof. "It is settled that, when filed, a pretrial conference order, unless modified at or before trial, supersedes the issues raised by the pleadings and controls the subsequent course of the case. [Citations.] The pretrial order limits the issues to be tried [citation] and those issues, neither raised at the pretrial conference nor designated in dispute in the pretrial conference order, are no longer issues in the case." (*Feykert* v. *Hardy*, 213 Cal.App. 2d 67, 74 [28 Cal.Rptr. 510].)

The next ground is that there is no evidence which would support a finding that defendant Curro had any power or authority to obligate either defendant Progress Realty Co. or defendant Hallinan to pay plaintiff anything. The evidence will be stated in the light most favorable to plaintiff.

Curro and Vivian Hallinan's husband, Vincent, had agreed to go into the business of buying, fixing up and selling apartment houses; they showed Vivian the subject property; she had a substantial amount of money on hand following her sale of the Clay-Jones Apartments building; she and Vincent authorized Curro to negotiate a purchase of the subject property for a price up to $300,000.

Curro was able to obtain a price of $270,000 from the owner, George Stefan, *conditioned* upon such amount being net to him. In order to close the sale, Curro obtained a letter from Milton Meyer & Co. to Stefan, releasing the latter from any liability for a commission arising out of such sale.

As consideration for said release, Curro agreed with Milton Meyer & Co. that it should receive a full real estate broker's commission on any subsequent sale or transfer of the subject property made within three years of the date of the agreement. This agreement is contained in the letter of

January 5, 1959, and is the basis of plaintiff's cause of action herein.

While the amount of Meyer's claim against Stefan is not disclosed by the record, the customary real estate commission on a $270,000 sale is $9,750.

Under such circumstances, keeping in mind that Curro was authorized by the Hallinans to go as high as $300,000, we think the question of Curro's authority to bind his codefendants by the letter of January 5, 1959, is one to be determined by the trier of fact. Because of Stefan's insistence upon $270,000 net to him, the release from Meyer became an integral part of the purchase transaction. In consideration of the payment of the full purchase price *and* the delivery of Meyer's written release, Stefan executed and delivered a deed of the subject property to "Progress Realty Co., a corporation," dated February 16, 1959.

The letter-agreement itself recites that it is being made by "the undersigned, individually and as an officer of Progress Realty Corporation." It is signed on the lower left side of the page as "Progress Realty Co. by Anthony J. Curro" and on the lower right side as "Anthony J. Curro." As Curro testified, "I was not buying the property for myself."

The articles of incorporation of Progress Realty Co. were executed by Vivian Hallinan, Curro and a third person on December 17, 1958 and were filed with the Secretary of State on January 5, 1959, thereby beginning its corporate existence on that date. (Corp. Code, § 308.) The plan was to use the corporation for this one transaction only and then dissolve it and distribute the assets after selling the subject property.

The property was sold to one Ben M. Blum for $355,000 and the corporation transferred title thereto to him by deed dated January 19, 1961. Plaintiff contends that it is entitled, under the agreement of January 5, 1959, to a commission on this transaction.

Defendant Hallinan points to the fact that no resolution was passed by Progress Realty Co. authorizing Curro to incur, on its behalf, the obligation contained in the letter of January 5. In view of the fact that the Hallinans and Curro were the only persons interested in the corporation, we do not think that this formality was necessary in order to confer such authorization upon Curro. (Cf. *Brainard* v. *De La Montanya,* 18 Cal.2d 502, 511 [116 P.2d 66]; *Armstrong Manors*

v. *Burris,* 193 Cal.App.2d 447, 456 [14 Cal.Rptr. 338].) Furthermore, as pointed out above, Curro's authorization to negotiate the purchase for any amount up to $300,000 is not disputed in the record. It is possible for the trier of fact to find that such authorization was broad enough to include the incurring on behalf of the corporation of an obligation incident to acquiring the subject property, particularly when it was a *necessary* incident to such acquisition.

◼ Defendants next contend that the agreement of January 5 was fraudulently obtained by Milton Meyer & Co. by falsely representing to Curro that it had a written commission agreement with Stefan. The *enforceability* of Meyer's claim is not the controlling factor here. The fact that Stefan was on notice of such claim and was concerned about it is not disputed. Nor is there any real question that Stefan would not sell for $270,000 unless he was protected against the Meyer claim.

"The existence of actual fraud is always a question of fact" (23 Cal.Jur.2d 211, Fraud and Deceit, § 84) and an oral agreement within the statute of frauds (Civ. Code, § 1624, subd. 5) may still constitute good and sufficient consideration. (*Metropolitan Water Dist.* v. *Marquardt,* 59 Cal. 2d 159, 179 [28 Cal.Rptr. 724, 379 P.2d 28]; 1 Witkin, Summary of Cal. Law (1960) Contracts § 78.) It cannot be said here as a matter of law that Meyer was guilty of any fraud.

◼ The final question is whether there is sufficient evidence in the record to sustain a finding of liability against defendant Hallinan under the agreement of January 5, 1959.

In addition to the evidence referred to above, there is testimony that she had successfully carried on prior ventures of this type, that in the instant venture she furnished all of the money needed to acquire the subject property, that she and Curro were the only active directors of the corporation, that the stock of the corporation, when issued, was to be put in her name, that the corporation was created for the sole purpose of holding the title to the subject property, and that for tax purposes it was to be dissolved upon completion of the within venture and its assets distributed. The corporation was in fact dissolved after the sale to Blum. As counsel for defendant Hallinan stated, the corporation was merely used as a "tax device" or "tax dodge."

From the above evidence the trial court could find that Progress Realty Co. was in reality the *alter ego* of defendant Vivian Hallinan and that the corporate entity should therefore be disregarded, thereby imposing personal liability upon her. (*Stark* v. *Coker*, 20 Cal.2d 839, 846-849 [129 P.2d 90]; *Mills* v. *Richmond Co., Inc.*, 63 Cal.App. 594, 597 [219 P. 465].)

We have concluded that, upon granting the respective motions made by defendants after plaintiff had completed his presentation of evidence and rested, the trial court was required to make findings in accordance with section 631.8 of the Code of Civil Procedure.

We have not intended to nor have we expressly or impliedly indicated any opinion of our own as to the merits of any of the issues discussed herein. These are matters for the determination of the lower court "as trier of the facts." (§ 631.8.)

The judgment in favor of defendant Vivian Hallinan is vacated and set aside; the minute orders of December 30, 1963 being nonappealable, the plaintiff's purported appeal therefrom is dismissed; the cause is remanded and the trial court is instructed to take such further proceedings as are consistent with this decision; each of the parties is to bear his own respective costs on appeal.

Shoemaker, P. J., and Taylor, J., concurred.