[Civ. No. 26531. First Dist., Div. One. Aug. 14, 1970.]

EAST-WEST CAPITAL CORPORATION, Plaintiff and Appellant, v. MICHAEL N. KHOURIE, Defendant and Respondent.

## COUNSEL

Lempres & Seyranian, Roderic Duncan and H. James Wulfsberg for Plaintiff and Appellant.

Bronson, Bronson & McKinnon and Charles F. Wilkinson for Defendant and Respondent.

## OPINION

**ELKINGTON, J.**—This appeal is from a "Judgment of Nonsuit" entered at the conclusion of plaintiff's presentation of evidence, in a nonjury trial of an action for damages "for failure to abide by the terms of an escrow in disbursing certain funds."

The trial was held July 29-30, 1968. Defendant Khourie's motion for "nonsuit" was made and granted on the second day. The "Judgment of Nonsuit" was entered August 8, 1968.

In 1961 the Legislature abolished the right of a defendant to move for a nonsuit in a trial before the court without a jury. (*Milton Meyer & Co.* v. *Curro,* 239 Cal.App.2d 480, 482 [48 Cal.Rptr. 812]; *Estate of Pack,* 233 Cal.App.2d 74 [43 Cal.Rptr. 361]; see also *Gonsalves* v. *Dairy Valley,* 265 Cal.App.2d 400, 402-404 [71 Cal.Rptr. 255].) In that year Code of Civil Procedure section 581c, which had previously provided for judgments of nonsuit in trial by court *or* by jury, was amended by adding the words which we have italicized, as follows:

"After the plaintiff has completed his opening statement, or the presentation of his evidence *in a trial by jury,* the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a judgment of nonsuit. [¶] If the motion is granted, unless the court in its order for judgment otherwise specifies, such judgment of nonsuit operates as an adjudication upon the merits."

The trial court having in 1968 no power to grant a judgment of nonsuit it follows that the entry of such a judgment was error.

Defendant, however, insists that his motion for nonsuit should be treated as a "motion for judgment upon completion of presentaton of plaintiff's

evidence" under Code of Civil Procedure section 631.8. That section was enacted in 1961 at the time section 581c was amended to discontinue the practice of nonsuits in nonjury trials. It was obviously intended as a substitute procedure available to a defendant at the close of plaintiff's evidence. Section 631.8 recites:

"After a party has completed his presentation of evidence in a trial by the court, the other party, without waiving his right to offer evidence in support of his defense or in rebuttal in the event the motion is not granted, may move for a judgment. The court as trier of the facts shall weigh the evidence and may render a judgment in favor of the moving party, in which case the court shall make findings as provided in Section 632 and 634 of this code, or may decline to render any judgment until the close of all the evidence. Such motion may also be made and granted as to any counterclaim or cross-complaint. [¶] If the motion is granted, unless the court in its order for judgment otherwise specifies, such judgment operates as an adjudication upon the merits."

In *Milton Meyer & Co.* v. *Curro, supra,* 239 Cal.App.2d 480, 482-484, and *Estate of Pack, supra,* 233 Cal.App.2d 74, it was held, in effect, that if the requirements of section 631.8 were otherwise met, a motion for and judgment of nonsuit might be treated as a motion and judgment made under that section. As the conclusion reached in those cases may be applicable here, we therefore direct our inquiry to whether the requirements of section 631.8 were met in the instant case.

No findings were ever made by the trial court nor were findings waived by defendant.[1] Section 631.8 commands that if a motion for judgment thereunder is granted, "the court *shall make findings* as provided in Sections 632 and 634 of this code." (Italics added.) An "obligation" was thus imposed on the court to make findings (*Estate of Pack,* 233 Cal.App.2d 74, 77 [43 Cal.Rptr. 361].) This obligation to make findings was the same as that applying generally in cases tried to the court. (See *Franco Western Oil Co.* v. *Fariss,* 259 Cal.App.2d 325, 328-329 [66 Cal.Rptr. 458]; *Leiter* v. *Eltinge,* 246 Cal.App.2d 306, 311-312 [54 Cal.Rptr. 703]; *Estate of Pack, supra,* 233 Cal.App.2d 74, 77.) Referring generally to a failure to make findings when required by law, it has been held to be " 'error of a most serious, prejudicial, and reversible nature.' " (*Q.S.W. Corp.* v. *Malick,* 257 Cal.App.2d 277, 280 [64 Cal.Rptr. 722];

---

[1]We are here concerned with procedures existing at the time of the trial of the case at bench. At that time, under Code of Civil Procedure section 632 findings could be waived by (1) written consent filed with the court, (2) oral consent in open court and entered in the minutes, and (3) failure to appear. Those were the only ways in which findings might be waived (*May* v. *May,* 275 Cal.App.2d 264, 277 [79 Cal.Rptr. 622]; *San Jose etc. Title Ins. Co.* v. *Elliott,* 108 Cal.App.2d 793, 802 [240 P.2d 41]). In 1968 (effective January 1, 1969) and 1969, section 632 was drastically revised.

*San Jose etc. Title Ins. Co.* v. *Elliott, supra,* 108 Cal.App.2d 793, 801; see also *Coons* v. *Gunn,* 263 Cal.App.2d 594, 600 [69 Cal.Rptr. 876]; *Duff* v. *Duff,* 256 Cal.App.2d 781, 785 [64 Cal.Rptr. 604]; *Auer* v. *Frank,* 227 Cal.App.2d 396, 406 [38 Cal.Rptr. 684, 8 A.L.R.3d 1108].)

It follows, whether we consider the judgment to be one of nonsuit, or to have been entered pursuant to Code of Civil Procedure section 631.8, it was attended by serious error which calls for its reversal.

We have examined the several contentions made by defendant in support of the judgment.

He urges that his motion was in fact treated by the trial court "as one for nonsuit," that it must be deemed the court found no substantial evidence in support of plaintiff's case, and that section 631.8 was therefore inapplicable since it would be idle in such circumstances to make findings. (In the same brief defendant elsewhere insists that he really made a "motion for judgment" under section 631.8 which was inadvertently phrased as a "motion for nonsuit.")

It has been held repeatedly that findings on a specific issue are not required, or at least that failure to make such findings is harmless error, where there is *no* substantial evidence in support of such specific issue. (See authorities collected, 3A McK. Dig., §§ 1705-1708; 23B McK. Dig., §§ 293-294.) Whether this rule is applicable where no findings whatever are made in the face of a statutory requirement of findings seems to be an unresolved question. (See discussion, *Engleman* v. *Green,* 125 Cal.App.2d Supp. 882, 886-887 [270 P.2d 127].) ▮ However, the problem need not here be considered, for our examination of the record discloses *some* substantial evidence which would have supported findings and judgment in plaintiff's favor.

This evidence may be summarized as follows. Defendant Khourie had agreed to act as escrow agent in a loan transaction between plaintiff and one Marnell. Marnell brought plaintiff's check payable to defendant for the amount of the loan and plaintiff's letter of March 19, 1965, containing supplemental escrow instructions to defendant's office. Defendant disbursed the money but did not comply with the supplementary escrow instructions. An issue arose upon which defendant's liability depended as to whether defendant received and read the letter of March 19, 1965, and was therefore bound by its contents. In his deposition defendant had testified as follows:

"Q. Was this check delivered to your office or was it hand-carried by plaintiff, or representatives of plaintiff?

"A. Mr. Marnell handed me the check.

"Q. The check was delivered to you by Mr. Marnell?

"A. That is correct.

"Q. With the check did Mr. Marnell deliver to you any letters or instructions pertaining to the check?

"A. He had with him, and I read that letter of March 19th which is attached to the complaint."

This testimony is reasonably subject to the inference that defendant knew about and read the supplementary escrow instructions. It constitutes substantial evidence which would have supported a judgment against defendant.[2] ■ Since there was a material conflict in the evidence, there can be no question but that findings were required under Code of Civil Procedure section 631.8.

· **(5)** The filing of a notice of appeal may not, as contended by defendant, reasonably be deemed a waiver of findings. At that point judgment has been entered; the time for findings has passed. And as we have pointed out, footnote 1 *ante,* Code of Civil Procedure section 632 prescribed the exclusive means of waived findings. **(6)** Nor did the failure of defendant to object in the trial court to the lack of findings constitute a waiver. (See *Q.S.W. Corp.* v. *Malick, supra,* 257 Cal.App.2d 277, 281; *San Jose etc. Title Co.* v. *Elliott, supra,* 108 Cal.App.2d 793, 803.) **(7)** The contention that the trial court failed to make findings may be raised for the first time on appeal. (*Miller* v. *Brown,* 136 Cal.App.2d 763, 773 [289 P.2d 572]; *Mackay* v. *Whitaker,* 116 Cal.App.2d 504, 509 [253 P.2d 1021].)

Although fully argued thereafter by the parties in their briefs and upon oral argument, the effect of sections 581c and 631.8 upon the judgment was not raised in plaintiff's opening brief on appeal. Because of the seriousness of the error (see *Q.S.W. Corp.* v. *Malick, supra,* 257 Cal.App.2d 277, 280; *San Jose etc. Title Ins. Co.* v. *Elliott, supra,* 108 Cal.App.2d 793, 801), we reject the suggestion that the point should not be considered by us.

The final contention is also unmeritorious. ■ The 1968 amend-

---

[2]There was much evidence to the contrary. On this appeal we do no more than determine that there was some substantial evidence which, if believed by the trial court, would have supported a judgment for plaintiff in the posture of the case disclosed by the record before us.We make no finding on the weight or preponderance of the evidence, or what inferences should reasonably be drawn therefrom. And our decision in no way prejudices either party in the presentation of evidence on a retrial of the cause.

ment (operative January 1, 1969) and the 1969 amendment of Code of Civil Procedure section 632 (see fn. 1 *ante*), providing among other things that the court is not required to make findings unless requested, is clearly inapplicable to the instant proceedings of July and August 1968.

The judgment is reversed.

Molinari, P. J., and Sims, J., concurred.