[Civ. No. 36256. Second Dist., Div. Four. Mar. 17, 1971.]

ROGER LEON ELZEY, Plaintiff and Appellant, v.
METROPOLITAN BUILDERS, INC., et al., Defendants and Respondents.

## COUNSEL

Roger Leon Elzey, in pro. per., and Mason, Ball, Bryer & Bryant for Plaintiff and Appellant.

Merle H. Sandler for Defendants and Respondents.

## OPINION

**KINGSLEY, J.**—Plaintiff owned a lot in southeastern Los Angeles County. He contracted with defendant Metropolitan Builders to construct thereon a 12-unit apartment house. Construction was to be financed by a loan on the property, in the amount of $54,000, secured by a first deed of trust. Subsequently, at the request of defendant Metropolitan Builders, plaintiff executed an additional note for $18,102.40, secured by a second deed of trust. He sued to rescind the two transactions, alleging fraud in inducing him to execute the second deed of trust and a failure of consideration for either deed or the notes they secure. After a trial by the court, a motion for judgment under section 631.8 of the Code of Civil Procedure was made by defendant and was granted. No findings were requested within the time provided by rule 232 of the California Rules of Court.[1] Plaintiff has appealed; we affirm.

Contrary to the contention of plaintiff, it is well settled that, on a motion under section 631.8 of the Code of Civil Procedure (unlike the situation on a motion for a nonsuit under section 581c) the trial court weighs the evidence and its decision must be upheld on appeal if there is any substantial evidence sufficient to sustain it. (*Charles C. Chapman Building Co.* v. *California Mart* (1969) 2 Cal.App.3d 846, 853 [82 Cal.Rptr. 830], and authorities there cited.) Suffice it to say that the trial court was not required to accept plaintiff's testimony but was permitted

[1]No written request appears in the clerk's transcript and a reading of the reporter's transcript of a hearing on a motion to vacate the judgment indicates that no prejudgment request was made at any time.

to find, from the record before it and now before us: that there was no fraud or misleading; that all of the money advanced under the two trust deed notes was expended properly; that the building was constructed (after remedial work) in substantial compliance with the plans and specifications; and that the present holder of the trust deeds and notes was a holder in due course. Such findings amply support the judgment.

Plaintiff complains that no findings of fact were made. It is true that, prior to the 1969 amendment of section 632 of the Code of Civil Procedure, a judgment under section 631.8 required findings unless expressly waived. (*East-West Capital Corp.* v. *Khourie* (1970) 10 Cal. App.3d 553 [89 Cal.Rptr. 369].) But that is no longer the law. The applicable language in section 631.8 is as follows: "The court as trier of the facts shall weigh the evidence and may render a judgment in favor of the moving party, in which case the court shall make findings *as provided in Sections 632 and 634 of this code, . . .*" (Italics supplied.)

Since January 1, 1969, section 632[2] has provided as follows: "1. In superior courts . . . upon the trial of a question of fact by the court, written findings of fact and conclusions of law shall not be required, except as herein provided.

"In superior courts, upon such trial, the court shall announce its intended decision. Within the time after such announcement permitted by rules of the Judicial Council,[3] any party appearing at the trial may request findings. Unless findings are requested, the court shall not be required to make written findings and conclusions."

It follows that, in the case at bench (tried in August of 1969), no findings were required and the judgment rests on the implied findings implicit in the order granting the motion under section 631.8.

The judgment is affirmed.

Jefferson, Acting P. J., and Dunn, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 13, 1971.

---

[2]By its terms, section 634 is applicable only if findings are required under section 632.

[3]Rule 232 of the California Rules of Court requires the request to be in writing and to be filed within 10 days after the announcement of the intended decision.