Filed 7/27/21  Avina v. Valley Pallet, VP CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| RAYMOND AVINA,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>VALLEY PALLET, VP INC. et al.,<br><br>    Defendants and Respondents. | F079103<br><br>(Super. Ct. No. 15C0182)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kings County.  Michael J. Reinhart, Judge.

Romaine Lokhandwala Law Group and Zishan Lokhandwala for Plaintiff and Appellant.

Sagaser, Watkins & Wieland, Howard A. Sagaser and David G. Litman for Defendants and Respondents.

-ooOoo-

Plaintiff Raymond Avina was demoted from a management position to that of a forklift operator in his employment with defendant, Valley Pallet,[1] and he brought a lawsuit against Valley Pallet and its owner Craig Grilione (together defendants) for unlawful employment discrimination based on age and disability. In the court trial of those claims, after plaintiff completed the presentation of his case, defendants moved for nonsuit. The trial court granted the nonsuit motion because, among other reasons, plaintiff had failed to present sufficient evidence to create an inference of unlawful discrimination. Upon granting the motion, the trial court entered a judgment for defendants. Plaintiff appeals from the judgment, arguing the trial court impermissibly *weighed* evidence in ruling on the nonsuit motion. We disagree. In a *court* trial, in distinction from a trial by jury, it is proper for the trial court as the ultimate trier of fact to weigh and evaluate evidence in determining such a motion. (See Code Civ. Proc., § 631.8.) Although defendants made a motion for nonsuit, we treat the motion as one under Code of Civil Procedure section 631.8 as more fully explained herein. Moreover, substantial evidence supported the trial court's determination. For these reasons, the judgment of the trial court is affirmed.

## FACTS AND PROCEDURAL HISTORY

Background Facts

Plaintiff began his employment at Valley Pallet in 2006, serving as a general manager there, under the supervision of owner Craig Grilione, since approximately 2007. Plaintiff's management duties included running or overseeing many aspects of the company's daily operations, including preparing a delivery schedule and a workforce

---

[1] The employer herein, defendant Valley Pallet, is a business entity apparently incorporated under the name VP, Inc., or Valley Pallet, Inc. For convenience, we refer to the employer as Valley Pallet. Valley Pallet is owned by defendant Craig Grilione and his wife. We note that defendant Craig Grilione was dismissed from the case by plaintiff at the outset of the trial without prejudice.

assignment schedule, assigning pallet builders to individual stations, setting up the forklift drivers, and monitoring safety, among other things. Plaintiff's responsibilities were largely the same from 2007 to August 2014.

According to plaintiff, in August of 2014, Craig Grilione took over most of plaintiff's management responsibilities, including the pallet-building schedule, delivery schedule, and the truck driver and forklift assignments. With little or no explanation, Craig Grilione simply announced that he would be assuming the responsibility for carrying out these tasks. This conversation took place on or about August 19, 2014. After that, plaintiff had little that remained of his former management responsibilities. On October 21, 2014, Craig Grilione informed plaintiff that he was being demoted to a forklift driver. When plaintiff asked why, Craig Grilione said he was "restructuring" his business and he would no longer have managers, only supervisors.

Some of plaintiff's job duties were apparently redistributed to others, including to a minor extent to Craig Grilione's son, Blake Grilione (Blake), and plaintiff was asked to help train Blake. Plaintiff was 48 years old at that time, and Blake was younger. Plaintiff also testified that he had sprained his knee August 4, 2014, reinjured it on the 29th of that same month, and on September 2, 2014, was placed on a limited duty assignment by a medical doctor for a brief period of time. He had no difficulty performing his job duties during the period of August 4 through August 29, 2014.

According to the testimony of Craig Grilione, he began noticing issues with plaintiff's job performance in late 2013 and during 2014. Some of the reliable long-term employees were complaining about the way plaintiff was treating them regarding the work assignments on the pallets, and there were other issues relating to the delivery schedule, the routing, the set up of the workforce, the tear down area to cut lumber for pallets, among other things. The turnover rate was getting high, and performance of the company with customers and the quality and timeliness of deliveries were becoming problematic and not working well. When Craig Grilione was observing these problems

developing in 2013-2014, he eventually decided it was important for him to step in and start to manage and reorganize the workforce. At some point in August or possibly September of 2014, he formed the opinion that he would need to replace plaintiff as manager. Plaintiff's performance in dealing with the workforce deadlines and delivery schedules had not improved. On October 21, 2014, when it seemed that other options had been exhausted, plaintiff was removed from his position as yard manager and reassigned as a forklift operator. A part of what Craig Grilione hoped to accomplish in the process of reorganizing the workforce was also to get his sons more involved in, and to learn, the operation of the family business. Some of plaintiff's responsibilities were redistributed to others, including to Blake.

Defendants' Nonsuit Motion

Plaintiff filed his complaint on July 30, 2015, asserting claims of unlawful employment discrimination against Valley Pallet and Craig Grilione. The alleged basis for unlawful discrimination was the theory that plaintiff's demotion to forklift operator was due to his age, and also or alternatively that it was due to plaintiff's purported disability (a sprained knee).

A court trial of plaintiff's claims was conducted on January 14-15, 2019. As is standard practice, plaintiff presented his case first. Plaintiff and Craig Grilione were called to the stand and testified at trial in plaintiff's presentation of the evidence concerning his case. After plaintiff rested, defendants moved for nonsuit on the ground that plaintiff had not made a prima facie case of discrimination on either count.[2] The trial court heard additional argument, and afterwards granted defendants' motion for nonsuit.

---

**2** Although defendant Craig Grilione had been dismissed from the case by plaintiff earlier in the trial, we believe it is best to construe the motion as by *both* Valley Pallet *and* Craig Grilione—i.e., by all defendants—rather than merely by Valley Pallet. In making the oral motion, defense counsel stated, "*we* would move for nonsuit." (Italics added.) Additionally, Craig Grilione's dismissal was *without* prejudice, so it makes sense to assume the motion was on his behalf as well.

From the bench, the trial court explained its ruling. As to the claim of disability discrimination, the trial court found that plaintiff's knee sprain, a temporary minor condition, did not constitute a physical disability, and moreover there was no evidence the demotion was based on plaintiff's knee sprain. On the latter point, the trial court stated: "There is no evidence that the demotion is related in any way to this sprained knee or seeking medical treatment for it. It's the complete failure of evidence on those grounds." As to the age discrimination claim, the trial court similarly explained there was "a complete failure of evidence to show that [the] demotion was for any illegal or discriminatory purpose. In fact, the evidence is to the contrary."

At the close of the trial, plaintiff through his counsel, requested that the trial court prepare a written statement of decision concerning the court's findings and conclusions on the nonsuit motion.

Written Statement of Decision Following Nonsuit Motion

The trial court filed its written statement of decision on January 28, 2019. In summarizing the evidence, the trial court found as to the claim of disability discrimination the following facts: Plaintiff felt his knee pop, but he was able to continue to work without difficulty during all of August 2014. On September 2, 2014, after the knee had "popped" again, plaintiff was diagnosed with a sprained right knee and given an order by a doctor to return to work with certain restrictions. These restrictions were to not climb stairs or operate machinery. Plaintiff returned to work full time and carried on his management duties while avoiding climbing and operating machinery.

The statement of decision made further factual findings, including the following: "On October 21, 2014 [p]laintiff was demoted to forklift driver with a reduction in pay from $21 per hour to $17 per hour. His management duties were distributed among a number of other employees, to Blake Grilione (Craig Grilione's son) and to [Craig] Grilione. [Craig] Grilione informed plaintiff the demotion was due to his restructuring of the business. Plaintiff was 48 years old at this time. On October 30, 2014 [p]laintiff was

5.

released by his doctor to return to working without restrictions. He continued to work at [d]efendant [c]ompany as a forklift operator without any residual effects from his knee sprain until July 2016 when he voluntarily left for employment at another company."

In addressing defendants' nonsuit motion, the statement of decision set forth the trial court's primary reasons for granting the motion. As to the claim of disability discrimination under the California Fair Employment and Housing Act (Gov. Code, § 12900 et seq., FEHA), the trial court found that a sprained knee with minor symptoms lasting only about two months was not a "disability" under FEHA.

As to the claim of age discrimination under FEHA, the trial court's statement of decision explained its ruling as follows: "Plaintiff established he belonged to a protected class, i.e. a person 40 years old or older, and that he suffered an adverse employment action in the form of the demotion to forklift driver. However, there was a complete lack of any evidence to raise an inference that the demotion was motivated by a discriminatory purpose. Other than showing that a few of his duties were assumed by the owner's son Blake Grilione, [p]laintiff failed to show either he was replaced by substantially younger employees with equal or inferior qualifications or demoted under circumstances otherwise 'giving rise to an inference of discrimination.' [Citation.] The uncontroverted evidence was the opposite. Most of his duties were assumed by the owner Craig Grilione and by other supervisors. Thus [p]laintiff failed to establish a prima facie case …."

In the second to last paragraph of the written statement of decision, the trial court indicated the motion may be considered a motion for judgment under Code of Civil Procedure section 631.8. The court stated: "To the extent that [the] motion is considered a motion for judgment pursuant to Code of Civil Procedure [section] 631.8, the [court] finds the testimony of Mr. Craig Grilione credible and persuasive. [Citations.] His testimony establishes [d]efendant received complaints regarding [p]laintiff from the company's vendors, customers and from its employees in late 2013 and in 2014 prior to the demotion. Mr. Grilione further testified regarding attempts to remedy these issues

6.

with [p]laintiff without success and to his moving [p]laintiff's management duties to others prior to the sprained knee report.  This court finds the evidence establishes that the demotion of [p]laintiff was due to [p]laintiff's poor job performance and was not motivated by any illegal discriminatory purpose."

The statement of decision concluded:  "The Nonsuit/Motion for Judgment having resolved all remaining issues in this case, Judgment is entered in favor of [d]efendant."

Plaintiff's appeal followed.

## DISCUSSION

### I.  The Nature of the Motion and Standard of Review

Although the parties mistakenly referred to defendants' motion in the trial court as a "nonsuit" motion, the motion was in substance and effect a motion for judgment under Code of Civil Procedure section 631.8.[3]  In a *court* trial where there is no jury, a motion for nonsuit after the plaintiff's evidence is presented is not recognized.  (*Ford v. Miller Meat Co*. (1994) 28 Cal.App.4th 1196, 1200; compare § 581c, subd. (a) with § 631.8, subd. (a).)[4]  Rather, "[t]he correct motion is for judgment pursuant to … section 631.8, the purpose of which is to enable the court, after weighing the evidence at the close of the plaintiff's case, to find the plaintiff has failed to sustain the burden of proof, without the need for the defendant to produce evidence." (*Ford v. Miller Meat Co*., *supra*, at p. 1200; accord, *Combs v. Skyriver Communications, Inc*. (2008) 159 Cal.App.4th 1242, 1262–1263 (*Combs*); *Roth v. Parker* (1997) 57 Cal.App.4th 542, 549.)  Although a motion for judgment in a court trial after the plaintiff's case-in-chief has been presented has a similar purpose to a nonsuit motion at the same stage of a jury trial (see *Brown v. Boren* (1999)

---

**3**    Unless otherwise indicated, further statutory references are to the Code of Civil Procedure.

**4**    We note that in a court trial, a defendant may still bring a traditional nonsuit motion in one limited instance:  namely, following a plaintiff's opening statement. (*Lingenfelter v. County of Fresno* (2007) 154 Cal.App.4th 198, 204.)

74 Cal.App.4th 1303, 1319), unlike a nonsuit motion section 631.8 expressly calls for the weighing of evidence by the trial court as the trier of fact. (*Estate of Pack* (1965) 233 Cal.App.2d 74, 77 [contrasting a nonsuit motion which precludes the weighing of evidence and a section 631.8 motion for judgment which requires it]; § 631.8, subd. (a) ["[t]he court as trier of the facts shall weigh the evidence and may render a judgment in favor of the moving party"].)[5] Although incorrectly designated by the parties, we treat the subject motion in this case as a motion for judgment under section 631.8. (*Jazayeri v. Mao* (2009) 174 Cal.App.4th 301, 314, fn. 23 [where matter is tried to the court, the motion will be deemed made under section 631.8]; see *Ford v. Miller Meat Co.*, *supra*, 28 Cal.App.4th at p. 1200.)

Because section 631.8 authorizes the trial court to weigh and evaluate evidence as the trier of fact, the trial court may refuse to believe some witnesses while crediting the testimony of others. (*Higgins v. Higgins* (2017) 11 Cal.App.5th 648, 658; *Combs*, *supra*, 159 Cal.App.4th at p. 1263.) The standard of review of a judgment and its underlying findings entered pursuant to section 631.8 is the same as a judgment granted after a trial in which evidence was produced by both sides, and is entitled to the same respect on appeal. (*Plaza Home Mortgage, Inc. v. North American Title Co., Inc.* (2010) 184 Cal.App.4th 130, 135.) Therefore, "[w]e apply the substantial evidence standard of review to a judgment entered under … section 631.8, reviewing the record in the light most favorable to the judgment and making all reasonable inferences in favor of the prevailing party .… [Citation.] We will not reverse the trial court's order granting the

---

[5] In *Lingenfelter v. County of Fresno*, *supra*, 154 Cal.App.4th 198, 204, we outlined some of the significant differences between the two distinct motions, as follows: "[I]n ruling on a motion for nonsuit, the trial court is required to 'assume that all relevant evidence' offered by the plaintiff is true, 'and all reasonable inferences or doubts [are] to be resolved in [the] plaintiff's favor. [Citation.] In ruling upon the motion, the court [is] not permitted to judge the credibility of the witnesses, or weigh the evidence.' [Citation.] In a motion for judgment, on the other hand, the trial court must decide questions of credibility, must weigh the evidence, and must make findings of fact." (*Ibid*.)

motion if its findings are supported by substantial evidence, even if other evidence in the record conflicts." (*Combs, supra,* 159 Cal.App.4th at p. 1263; *Roth v. Parker, supra,* 57 Cal.App.4th at pp. 549–550.)

## II.  Plaintiff's Objection to Deeming the Nonsuit as a Motion Under Section 631.8 Is Unpersuasive

In response to our invitation to submit further briefing on this issue, plaintiff has presented argument objecting to this court's treatment of the purported "nonsuit" motion as a motion for judgment under section 631.8 in this case.  Plaintiff primarily argues that he was not extended the opportunity provided in section 631.8 to present further evidence in response to issues raised in the motion.  The relevant language of the statute specifies as follows:  "The court as trier of the facts shall weigh the evidence and may render a judgment in favor of the moving party ….  The court may consider all evidence received, provided, however, that *the party against whom the motion for judgment has been made shall have had an opportunity to present additional evidence to rebut evidence received during the presentation of evidence deemed by the presenting party to have been adverse to him, and to rehabilitate the testimony of a witness whose credibility has been attacked by the moving party*."  (§ 631.8, subd. (a), italics added.)  Based on the part of the statute highlighted above, plaintiff argues we should not treat the motion as one under section 631.8 because the procedural opportunity to present additional evidence, as required by the statute, was assertedly not afforded to him.  We disagree.  As explained below, plaintiff's argument is flawed for several basic reasons.

To begin with, plaintiff's argument appears to incorrectly assume there is a right or opportunity to present further evidence in a motion under section 631.8, but *not* in a nonsuit motion.  However, that is simply not the case.  A plaintiff may affirmatively request and obtain an opportunity to reopen his or her case and present additional evidence regardless of which motion is involved.  For example, the following rule is well established with respect to *nonsuit* motions:  "[W]hen the defendant moves for nonsuit it

9.

is an abuse of discretion to deny the plaintiff's request to reopen and present additional evidence to cure the defects in its case. [Citation.] Such an error is waived, however, if the plaintiff fails to specify what additional evidence would be presented or how the additional evidence would cure the defects in the case." (*Consolidated World Investments, Inc. v. Lido Preferred Ltd*. (1992) 9 Cal.App.4th 373, 382.) Thus, a right to present additional evidence exists in connection with a nonsuit motion, but it must be affirmatively requested with an adequate offer of proof, otherwise it is waived.

Similarly, in the context of a motion for judgment under section 631.8, the same waiver or forfeiture rule would apply where the party opposing the motion fails to assert his or her statutory right to present additional evidence. (*People v. Mobil Oil Corp*. (1983) 143 Cal.App.3d 261, 272–274.) In *People v. Mobil Oil Corp*., *supra*, the appellant argued it was deprived of its right under section 631.8 to present additional evidence, even though it never made such a request in the trial court. (*People v. Mobil Oil Corp*., *supra*, at pp. 272–274.) The Court of Appeal rejected the argument, concluding the appellant's failure to expressly request an opportunity to present additional evidence "waived its right to do so…." (*Id*. at p. 274.) The Court of Appeal further explained, "At no time during these final proceedings did plaintiff request an opportunity to present additional evidence to rebut adverse evidence received during the presentation of plaintiff's case or to rehabilitate the testimony of any of plaintiff's witnesses whose credibility had been attacked by defendant." (*Id.* at p. 273.)

Here, with the exception of plaintiff's introduction into the record of an interrogatory response that he had inadvertently failed to formally offer into evidence during his case-in-chief, which the trial court belatedly received into evidence, plaintiff did not make any request to the trial court to pursue his right to reopen the case and provide additional evidence in an effort to cure the asserted defects in his case raised by the motion. Again, such right or opportunity could have been pursued by plaintiff whether the motion was for nonsuit or for judgment under section 631.8. Therefore, it is

10.

clear that the circumstances before us do not constitute a denial of any such right or opportunity, but instead constitute a failure on plaintiff's part to request or assert the same in the trial court proceedings—and consequently, there was a waiver or forfeiture thereof. Accordingly, plaintiff's argument is without merit.

Although unnecessary to our disposition of this issue, we note there is an additional or further reason plaintiff's argument falls short: namely, a lack of prejudice concerning the potential submittal of additional evidence. As has been stated in *Abreu v. Svenhard's Swedish Bakery* (1989) 208 Cal.App.3d 1446: "[A]ny error in refusing to allow the plaintiff to reopen the case and present further evidence must be prejudicial to warrant reversal and, on appeal, the plaintiff has the burden of establishing prejudicial error." (*Id*. at p. 1457.) That is, on appeal the plaintiff must show how the further proof would have remedied the defects in the cause of action. (*R & B Auto Center, Inc. v. Farmers Group, Inc*. (2006) 140 Cal.App.4th 327, 380.) Plaintiff has failed to make such a showing.

Finally, to the extent plaintiff may be suggesting that since the motion was designated as a nonsuit in the trial court, it would be unfair for the trial court to have weighed any evidence in deciding the motion and/or for this court to apply the substantial evidence test in reviewing the trial court's order, we would simply point out that the statutory elimination of nonsuit motions in *court* trials, and its replacement with the motion for judgment process under section 631.8—including the weighing of evidence— has been in place *since 1961*. (*Greening v. General Air-Conditioning Corp*. (1965) 233 Cal.App.2d 545, 550.)[6] As this has long been the state of the law, and a matter of which the parties should have been well aware, we discern no unfairness in our application of the correct law here.

---

[6]     See footnote 4, *ante*, as to exception regarding motions following opening argument.

In conclusion, we reject plaintiff's arguments against our treatment of the motion and order under section 631.8. Because plaintiff has failed to show any violation of the requirements of section 631.8, we follow the general rule that where a motion for nonsuit is mistakenly made in a nonjury trial, the appellate court will review the order as one granted under section 631.8. (See, e.g., *Jazayeri v. Mao*, *supra*, 174 Cal.App.4th at p. 314, fn. 23; *Ford v. Miller Meat Co.*, *supra*, 28 Cal.App.4th at p. 1200; *Commonwealth Memorial, Inc. v. Telophase Society of America* (1976) 63 Cal.App.3d 867, 869, fn. 1; *East-West Capital Corp. v. Khourie* (1970) 10 Cal.App.3d 553, 556; *Estate of Pack*, *supra*, 233 Cal.App.2d at p. 77.) As we explained hereinabove, this means our standard of review is the substantial evidence test. (*Higgins v. Higgins*, *supra*, 11 Cal.App.5th at p. 658.)

## III. Plaintiff Failed to Demonstrate a Prima Facie Case of Age Discrimination

Having established the proper standard of review, we next consider whether the trial court's decision to grant defendants' motion for judgment under section 631.8 (erroneously labeled as a "nonsuit" motion by the parties) was supported by substantial evidence in the record—which would include a situation where the evidence before the trial court or a lack thereof reflected that plaintiff failed to make an adequate prima facie case.

We preface our discussion by setting forth certain general principles applicable to the trial of FEHA cases, which have been outlined by our Supreme Court in *Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317 (*Guz*) as follows: "The specific elements of a prima facie case may vary depending on the particular facts. [Citations.] Generally, the plaintiff must provide evidence that (1) he was a member of a protected class, (2) he was qualified for the position he sought or was performing competently in the position he held, (3) he suffered adverse employment action, such as termination, demotion, or denial of an available job, and (4) some other circumstance suggests discriminatory motive. [Citations.]" (*Id.* at p. 355.) The plaintiff's prima facie burden is not onerous, but the

12.

plaintiff must at least show that actions were taken by the employer from which one may reasonably infer, if such actions remain unexplained, it is more likely than not such actions were based on a prohibited discriminatory criterion. (*Ibid*.)

As further explained in *Guz*, if the plaintiff's prima facie case is adequately shown at the trial, it creates a rebuttable presumption of discrimination and the burden shifts to the employer to rebut the presumption with evidence that its actions were taken for legitimate, nondiscriminatory reasons. (*Guz*, *supra*, 24 Cal.4th at pp. 355–356.) "If the employer sustains this burden, the presumption of discrimination disappears." (*Id*. at p. 356.) The plaintiff would then have an opportunity at the trial to attack or rebut the employer's proffered reasons. (*Ibid*.) Regardless of this burden-shifting approach ordinarily taken in the trial of such cases, the ultimate burden of persuasion on the issue of actual discrimination remains with the plaintiff. (*Ibid*.)

In the present matter before us, it appears that Valley Pallet's motion at the close of plaintiff's case was on the ground that plaintiff's evidence failed to meet his burden to show a prima facie case of discrimination. At this juncture of our discussion, we examine the question of whether the motion was properly granted with respect to the claim of *age* discrimination.

In order to make out a prima facie case of age discrimination under FEHA, a plaintiff must present evidence that the plaintiff (1) is over the age of 40; (2) suffered an adverse employment action; (3) was performing satisfactorily at the time of the adverse action; and (4) suffered the adverse action under circumstances that give rise to an inference of unlawful discrimination. (*Sandell v. Taylor-Listug, Inc*. (2010) 188 Cal.App.4th 297, 321 (*Sandell*).) The last element may be satisfied by a showing that the plaintiff was replaced by someone significantly younger than the plaintiff (*ibid.*), particularly if the replacement had equal or inferior qualifications. (*Schechner v. KPIX-TV & CBS Broad., Inc*. (2012) 686 F.3d 1018, 1023 [inference of unlawful discrimination

may be found where the plaintiff was "replaced by substantially younger employees with equal or inferior qualifications"].)

Here, in concluding that plaintiff failed to demonstrate a prima facie case of age discrimination, the trial court found that, "[o]ther than showing that a few of his duties were assumed by the owner's son Blake Grilione, [p]laintiff failed to show that either he was replaced by substantially younger employees with equal or inferior qualifications or demoted under circumstances otherwise 'giving rise to an inference of discrimination.' [Citation.]"  Rather, as expressly found by the trial court, "[t]he uncontroverted evidence was the opposite.  Most of [plaintiff's] duties were assumed by the owner Craig Grilione and by other supervisors.  Thus [p]laintiff failed to establish a prima facie case …."  These factual findings by the trial court were supported by substantial evidence in the record; that is, by testimony given by both plaintiff and Craig Grilione indicating that plaintiff's responsibilities were mainly assumed by Craig Grilione.[7]

In addition to a failure to show that plaintiff's management position was taken over by a younger employee or that he was demoted under circumstances otherwise creating the reasonable inference of age discrimination, there was an additional failure by plaintiff to demonstrate a prima facie case.  The trial court, upon weighing the evidence, concluded that Craig Grilione's testimony regarding plaintiff's poor job performance was credible and persuasive, and was in fact the basis for the demotion.  This finding was supported by substantial evidence, and it means that plaintiff failed to demonstrate an important element of his prima facie case—namely, that he was performing his job satisfactorily at the time of the adverse decision.  (*Sandell*, *supra*, 188 Cal.App.4th 297, 321.)

---

**7**     Plaintiff has claimed to have no belief or awareness of what Craig Grilione's age is, i.e., whether he is older than plaintiff.  Respondents have asserted that Craig Grilione is older than plaintiff.

14.

In its review of plaintiff's evidence offered in support of his case-in-chief, the trial court concluded there "was a complete lack of any evidence to raise an inference that the demotion was motivated by a discriminatory purpose." As our discussion above has indicated, we agree with that conclusion. We conclude the trial court did not err in granting the motion with respect to plaintiff's claim of age discrimination.

## IV. Plaintiff Failed to Demonstrate a Prima Facie Case of Disability Discrimination

The same lack of evidence occurred with respect to plaintiff's claim of disability discrimination. In the context of disability discrimination, a plaintiff's prima facie case can be met "by presenting evidence that demonstrates … that he or she (1) suffered from a disability, or was regarded as suffering from a disability; (2) could perform the essential duties of the job with or without reasonable accommodations, and (3) was subjected to an adverse employment action because of the disability or perceived disability." (*Sandell*, *supra*, 188 Cal.App.4th 297, 310.) "[A]n employer has treated an employee differently 'because of' a disability when the disability is a substantial motivating reason for the employer's decision to subject the employee to an adverse employment action." (*Wallace v. County of Stanislaus* (2016) 245 Cal.App.4th 109, 128.) To be sufficient, the prima facie showing must give rise to a reasonable inference of discrimination. (*Sandell*, *supra*, 188 Cal.App.4th at p. 310.) That is, the plaintiff is required to show actions taken by the employer from which one can reasonably infer, if such actions remain unexplained, that it is more likely than not such actions were based on a prohibited discriminatory criterion. (*Moore v. Regents of University of California* (2016) 248 Cal.App.4th 216, 235.)

Here, the first element of plaintiff's required prima facie case was to demonstrate that he suffered from a *disability*. The trial court concluded plaintiff failed to make that threshold showing because "[t]he sprained knee was of a minor nature the symptoms of which lasted no more than two months with no residual effects thereafter." FEHA defines a physical disability broadly to include a physiological condition that "limits a

15.

major life activity" by making the achievement of such major life activity more difficult. (See Gov. Code, § 12926, subd. (m).) However, in seeking to apply this standard, the trial court appears to have relied on the regulation adopted to implement the FEHA standard in this context, the relevant provision of which states as follows: " 'Disability' does not include: [¶] … [¶] (B) conditions that are mild, which do not limit a major life activity, as determined on a case-by-case basis. These excluded conditions have little or no residual effects, such as the common cold; seasonal or common influenza; minor cuts, *sprains*, muscle aches, soreness, bruises, or abrasions …." (Cal. Code Regs., tit. 2, § 11065, subd. (d)(9)(B), italics added.)[8] Following the terms of the regulation, the trial court evaluated the evidence presented by plaintiff at trial and concluded that his sprain was relatively minor and short lived and therefore did not qualify as a disability.

The trial court's determination that plaintiff's knee sprain did not constitute a disability was supported by substantial evidence. Plaintiff's prior testimony introduced at the trial admitted he had no difficulty performing his job duties during August 4 through August 29, 2014. Plaintiff's prior testimony also revealed he did not ever consider himself a person with a disability during his employment at Valley Pallet, and that he did not personally seek any type of medical attention, counseling or over-the-counter medication for his knee. After plaintiff felt some pain in his knee on August 29, 2014, the following week he informed Craig Grilione, who set up an appointment for September 2, 2014 to have the knee checked out. A doctor determined it was a right knee sprain. A note from the doctor placed plaintiff on light duty—that is, he could continue to work, but he was restricted from climbing stairs or steps and operating machinery. The restrictions were followed, and plaintiff was able to continue to carry out many of his responsibilities, although some of the tasks were secondary work such as inspections and

---

**8** We are to give substantial weight to the administrative body's construction of the statutes under which it operates. (*Colmenares v. Braemar Country Club, Inc*. (2003) 29 Cal.4th 1019, 1029 [rule applied to administrative agency which implements FEHA].)

16.

inventory. As the trial court found, "[p]laintiff returned to work full time and carried out his management duties avoiding climbing and operating machinery." The restrictions, however, were of very short duration. As of October 30, 2014, plaintiff was fully released to work without further restrictions and was not prohibited from performing any of his job duties at Valley Pallet thereafter. Since that time, plaintiff has not seen a doctor or taken medication for his knee. He continued to work at Valley Pallet as a forklift operator without any residual effects from his knee sprain until July 2016 when he voluntarily left for employment at another company.

Based on the foregoing, the trial court's conclusion of no "disability" under FEHA was supported by substantial evidence in the record reflecting the injury was a minor knee sprain, the symptoms of which lasted only two months, and there were no residual effects thereafter. Although the trial court appears to have weighed the evidence and resolved conflicts therein in the process of making this determination, it was entitled to do so under section 631.8. Inasmuch as the trial court properly concluded there was no disability in this case, it follows that plaintiff failed to demonstrate a prima facie case of disability discrimination.

Moreover, even assuming there was a disability under FEHA, plaintiff failed to make a prima facie case for another reason. The third element required for a prima facie case is that plaintiff was subjected to an adverse employment action "because of" the disability or perceived disability. (*Sandell*, *supra*, 188 Cal.App.4th at p. 310.) In this case, there was no sufficient evidence presented to give rise to a reasonable inference that plaintiff was demoted *because of* his disability. On the other hand, there *was* solid and credible evidence that plaintiff's long-standing job performance issues were what actually led to his demotion. The trial court's emphatic finding relating to this point bears repeating here. The trial court stated: "To the extent that [the] motion is considered a motion for judgment pursuant to … [section] 631.8, the [court] finds the testimony of Mr. Craig Grilione credible and persuasive. [Citations.] His testimony establishes

17.

[d]efendant received complaints regarding [p]laintiff from the company's vendors, customers and from its employees in late 2013 and in 2014 prior to the demotion. Mr. Grilione further testified regarding attempts to remedy these issues with [p]laintiff without success and to his moving [p]laintiff's management duties to others *prior to the sprained knee report*. This court finds the evidence establishes that the demotion of [p]laintiff was due to [p]laintiff's poor job performance and was not motivated by any illegal discriminatory purpose." (Italics added.)

As we have noted previously herein, these findings by the trial court relating to plaintiff's poor job performance were supported by substantial evidence. Because, as we have concluded, the motion was a motion for judgment pursuant to section 631.8, the trial court was authorized to weigh and evaluate the evidence presented by plaintiff, including resolving conflicts. In doing so, the trial court properly concluded plaintiff's prima facie case was unmet because, as shown by substantial evidence as weighed by the trial court, the demotion was not because of plaintiff's knee sprain, but was found to be solely due to plaintiff's job performance issues.

To summarize, the trial court's conclusion that plaintiff failed to make a prima facie case of disability discrimination was supported by substantial evidence in the record. Under the evidence presented by plaintiff in support of his case-in-chief as weighed by the trial court in connection with the motion, two elements of plaintiff's case were unmet: (i) the existence of a disability, and (ii) any adequate and reasonable basis to conclude the demotion was because of plaintiff's knee sprain as opposed to poor job performance. Therefore, as with the claim of age discrimination, we hold the motion for judgment was properly granted as to the claim of disability discrimination.

Based on the foregoing discussion and analysis, we conclude the trial court did not err in granting defendants' motion for judgment as to plaintiff's claims of age and disability discrimination.

## **DISPOSITION**

The judgment of the trial court is affirmed. Costs on appeal are awarded to defendants.

LEVY, Acting P.J.

WE CONCUR:


SMITH, J.


SNAUFFER, J.