[No. F038462. Fifth Dist. Jan. 27, 2003.]

SALLY M. PRATT, Plaintiff and Appellant, v.
VENCOR, INC., et al., Defendants and Appellants.

**COUNSEL**

Gianunzio & DeSantis and Victor Gianunzio for Plaintiff and Appellant.

Jackson, Lewis, Schnitzler & Krupman, D. Gregory Valenza and Tyler A. Brown for Defendants and Appellants

## OPINION

**WISEMAN, J.**—This case is like a bottle of fine California Chardonnay—very dry. It addresses a purely procedural question of the "trigger date" for the commencement of the 60-day time period within which the court must rule on a motion for judgment notwithstanding the verdict (JNOV) when there is no corresponding motion for a new trial. We publish to resolve the contention that there is ambiguity in the language of Code of Civil Procedure sections 629 and 660[1] in determining the latest date for ruling on a JNOV motion.

We hold, pursuant to sections 629 and 660, that where there is no new trial motion filed, the latest date for ruling on a motion for JNOV is: (1) 60 days from and after the mailing of notice of entry of judgment by the clerk of the court pursuant to section 664.5, or (2) 60 days from and after service on the moving party by any party of written notice of the entry of the judgment, whichever is earlier.

### PROCEDURAL HISTORY[2]

In September 1996, Sally M. Pratt (plaintiff) filed suit against Vencor, Inc., Stephanie Luell, and May Turner (defendants) for age discrimination, wrongful termination in violation of public policy, intentional and negligent infliction of emotional distress, breach of employment contract, and breach of the implied covenant of good faith and fair dealing. A jury found in favor of plaintiff and against Vencor in the amount of $473,857. A jury also found in favor of plaintiff and against Luell and Turner in the amount of $41,849.60. The judgments were filed on September 21, 2000.

On October 5, 2000, defendants filed and served a notice of motion and motion for partial JNOV. On November 6, 2000, plaintiff served a notice of entry of judgment on defendants. No notice of entry of judgment was ever served by the clerk of the court. On January 4, 2001, the trial court signed its decision on the motion for partial JNOV, granting the motion with respect to the claim for negligent infliction of emotional distress, thus reducing plaintiff's judgment against Vencor by $200,000. In addition, plaintiff no longer prevailed on her negligence claim against Luell and Turner. The decision was served on the parties on January 5, 2001.

---

[1]All statutory references are to the Code of Civil Procedure unless otherwise indicated.

[2]The underlying facts are omitted because they are not relevant to the issue on appeal.

On February 13, 2001, plaintiff filed a notice of motion and motion to strike the court's order granting partial JNOV on the ground it was void because the court lacked jurisdiction at the time the order was entered. The court denied the motion, finding the "trigger date" of the filing of a notice of intention to move for a new trial does not apply when only a motion for JNOV is filed, and therefore the court had jurisdiction to grant the motion. Plaintiff appealed only the court's order denying her motion to strike, and defendants filed a protective cross-appeal.

## DISCUSSION

Plaintiff contends the trial court lacked jurisdiction to grant defendants' motion for a partial JNOV because it failed to timely issue its decision within the statutory limits set forth in sections 629 and 660. Since the issue concerns the proper interpretation of statutory provisions, we review the trial court's decision de novo. (See *People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 432 [101 Cal.Rptr.2d 200, 11 P.3d 956]; *People ex rel. Lockyer v. Sun Pacific Farming Co.* (2000) 77 Cal.App.4th 619, 632 [92 Cal.Rptr.2d 115][appellate courts independently determine proper interpretation of a statute].)

The time limit for ruling on a JNOV motion is set forth in section 629, which states:

"The court, before the expiration of its power to rule on a motion for a new trial, either of its own motion, after five days' notice, or on motion of a party against whom a verdict has been rendered, shall render judgment in favor of the aggrieved party notwithstanding the verdict whenever a motion for a directed verdict for the aggrieved party should have been granted had a previous motion been made.

"A motion for [JNOV] shall be made within the period specified by [s]ection 659 . . . in respect of the filing and serving of notice of intention to move for a new trial. The making of a motion for [JNOV] shall not extend the time within which a party may file and serve notice of intention to move for a new trial. The court shall not rule upon the motion for [JNOV] until the expiration of the time within which a motion for a new trial must be served and filed, and if a motion for a new trial has been filed with the court by the aggrieved party, the court shall rule upon both motions at the same time. The power of the court to rule on a motion for [JNOV] shall not extend beyond the last date upon which it has the power to rule on a motion for a new trial. If a motion for [JNOV] is not determined before such date, the effect shall be a denial of such motion without further order of the court."

Section 660 addresses the time limits for ruling on a new trial motion: "Except as otherwise provided in [s]ection 12a . . . , the power of the court to rule on a motion for a new trial shall expire 60 days from and after the mailing of notice of entry of judgment by the clerk of the court pursuant to [s]ection 664.5 or 60 days from and after service on the moving party by any party of written notice of the entry of the judgment, whichever is earlier, or if such notice has not theretofore been given, then 60 days after filing of the first notice of intention to move for a new trial. If such motion is not determined within said period of 60 days, or within said period as thus extended, the effect shall be a denial of the motion without further order of the court."

Section 629 provides that the court must rule on a JNOV motion by the last date upon which it has the power to rule on a new trial motion. Section 660 sets forth three triggering events for the 60-day jurisdictional requirement under which a court must rule on a new trial motion. The 60-day period commences upon the earliest of three events: (1) when the clerk of the court, pursuant to court order, mails notice of entry of judgment; (2) when any party serves written notice of entry of judgment on the moving party; or (3) if no such notice has been previously given, upon the filing of the first notice of intention to move for a new trial. (§§ 660, 664.5, subd. (d); *Dodge v. Superior Court* (2000) 77 Cal.App.4th 513, 517 [91 Cal.Rptr.2d 758]; *In re Marriage of Liu* (1987) 197 Cal.App.3d 143, 150 [242 Cal.Rptr. 649].)

In this case, there was no notice of intention to move for a new trial. Defendants filed only a motion for JNOV. Plaintiff urges us to interpret sections 629 and 660 to require the trial court to rule on the JNOV motion within 60 days from the time the motion was filed. Plaintiff argues the JNOV motion is functionally equivalent to a notice of intention to move for a new trial and starts the 60-day jurisdictional clock.

■ We articulated the rules of statutory construction in *People v. Superior Court* (*Gary*) (2000) 85 Cal.App.4th 207, 213 [101 Cal.Rptr.2d 874]:

" 'The court's role in construing a statute is to "ascertain the intent of the Legislature so as to effectuate the purpose of the law." [Citations.] In determining the Legislature's intent, a court looks first to the words of the statute. [Citation.] "[I]t is the language of the statute itself that has successfully braved the legislative gauntlet." [Citation.]

" 'When looking to the words of the statute, a court gives the language its usual, ordinary meaning. [Citations.] If there is no ambiguity in the language, we presume the Legislature meant what it said and the plain meaning of the statute governs. [Citations.]' [Citation.]"

The plain meaning of sections 629 and 660 is clear. Section 629 provides: "The power of the court to rule on a motion for [JNOV] shall not extend beyond the last date upon which it has the power to rule on a motion for a new trial." The time limit for ruling on a motion for a new trial is triggered by the earliest of three events. One of these events is *not* the filing of the JNOV motion. It is the filing of a notice of intent to move for a new trial. Section 660 simply cannot be read to include the filing of a JNOV motion as a triggering event. (See *Sturgeon v. Leavitt* (1979) 94 Cal.App.3d 957, 964 [156 Cal.Rptr. 687][" '[T]he judicial function is simply to ascertain and declare what is in terms or substance contained in the statute, not to insert what has been omitted, or omit what has been inserted. . . .' [Citation.]"].)

We are not persuaded that the Legislature meant for the 60-day jurisdictional requirement to begin to run from the filing of a motion for JNOV alone, without the filing of a motion for intention to move for a new trial. The court in *Espinoza v. Rossini* (1966) 247 Cal.App.2d 40 [55 Cal.Rptr. 205], explained the rationale behind the amendments to section 629:

"It is the general rule that where an order granting a new trial is regularly made by the trial court and correctly entered by the clerk in the court minutes, the court's jurisdiction is exhausted, and it may not thereafter vacate or modify the order. . . .

"[S]ection 629, which authorizes an aggrieved party to move for [JNOV], provided prior to 1961 that the motion could be made in the alternative with a motion for new trial. The 1961 amendments relieved the party of the burden of making these motions in the alternative. And, the section as amended also provides that the motion shall be made within the period prescribed for the filing of a motion for a new trial; that the court shall not rule on the motion until the period for filing a motion for new trial has expired; that if a motion for new trial is also made by the aggrieved party the court shall rule on both motions at the same time, and that if the court does not rule on the motion within the time prescribed it shall be deemed denied. From this it is evident that in amending section 629 the Legislature simply intended to enable an aggrieved party to move for [JNOV] while preserving his right to move for a new trial, and without forfeiting the right to the new trial if the court grants the motion notwithstanding the verdict and is thereafter reversed by the appellate court. In other words, the procedure to be followed by both the court and the aggrieved party in relation to a motion for [JNOV] is synchronized with the procedure prescribed for a motion for a new trial, containing the same time periods, time limits and consequences . . . ." (*Espinoza v. Rossini, supra*, 247 Cal.App.2d at pp. 45-46; see also

*Catania v. Halcyon Steamship Co.* (1975) 44 Cal.App.3d 348, 351 [118 Cal.Rptr. 513].)

In light of this history, we find no credence to the argument that the Legislature meant for the section 660 time limit commencing upon the filing of a notice of intention to move for a new trial to apply to the filing of a notice of a JNOV motion. A motion for JNOV is not synonymous with or equivalent to a notice of intention to move for new trial. (Cf. §§ 629, 657.) The meaning of each statute appears plain, clear and unambiguous on its face. ▮ "The court cannot ignore the plain words of the statute unless it appears the words used were, beyond question, contrary to what was intended by the Legislature." (*County of Madera v. Carleson* (1973) 32 Cal.App.3d 764, 768-769 [108 Cal.Rptr. 515], disapproved on another ground in *Frink v. Prod* (1982) 31 Cal.3d 166, 180 [181 Cal.Rptr. 893, 643 P.2d 476].) ▮ Here, they were not.

Plaintiff argues that in the hypothetical situation where no notice of entry of judgment is ever served, a party could be forced to appeal a judgment without receiving a ruling on a JNOV motion. If no notice of entry of judgment is served, rule 2(a)(3) of the California Rules of Court sets an outside limit on the time for appeal—180 days after entry of judgment. Plaintiff maintains the Legislature could not have intended "to create such an exception to the orderly process of timely decisions on post trial motions." Plaintiff's argument is unconvincing. The hypothetical assumes courts will ignore their duties to timely rule on JNOV motions. We cannot and do not make this assumption. (See Evid. Code, § 664 [presumed official duty regularly performed]; *Wolfgram v. Wells Fargo Bank* (1997) 53 Cal.App.4th 43, 60 [61 Cal.Rptr.2d 694] [courts presume judges obey all laws]; *Brown v. Superior Court* (1925) 70 Cal.App. 732, 737 [234 P. 409][presumption is that court will do what law demands of it, as and when occasion arises].)

In this case, no notice of intention to move for a new trial was filed. The notice of entry of judgment was served on November 6, 2000. The court issued its decision on the JNOV motion on January 4, 2001, within 60 days from service of the notice of entry of judgment.[3] Thus, the court properly denied plaintiff's motion to strike the court's order granting partial JNOV.

---

[3]The record provided to us by the parties does not include a file-stamped copy of the court's decision on the JNOV motion or an order entered in the permanent minutes of the court granting the motion. The parties agree that the date the court ruled on the JNOV motion was January 4, 2001. We therefore use January 4, 2001, as the date of the court's ruling on the JNOV motion, as we address only those contentions raised by the parties. (See *Tiernan v. Trustees of Cal. State University & Colleges* (1982) 33 Cal.3d 211, 216, fn. 4 [188 Cal.Rptr. 115, 655 P.2d 317]; *Dills v. Redwoods Associates, Ltd.* (1994) 28 Cal.App.4th 888, 890, fn. 1 [33 Cal.Rptr.2d 838]["We will not develop appellants' arguments for them . . . ."].)

As a result of our decision, it is not necessary to reach the merits of defendants' protective cross-appeal. It is therefore dismissed.

## DISPOSITION

The judgment is affirmed and the cross-appeal is dismissed. Costs are awarded to defendants.

Dibiaso, Acting P. J., and Gomes, J., concurred.