[No. F050021. Fifth Dist. Aug. 16, 2007.]

JANICE LINGENFELTER, Plaintiff and Appellant, v.
COUNTY OF FRESNO et al., Defendants and Respondents.

**[CERTIFIED FOR PARTIAL PUBLICATION†]**

†Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this majority opinion and the concurring and dissenting opinion are certified for publication with the exception of part I. and part II.B of the majority opinion.

COUNSEL

Janice Lingenfelter, in pro. per., for Plaintiff and Appellant.

Dennis A. Marshall, County Counsel, and David F. Rodriguez, Deputy County Counsel, for Defendants and Respondents.

OPINION

DAWSON, J.—Janice Lingenfelter (plaintiff) appeals after judgment was entered in favor of County of Fresno and its Human Services System,

erroneously identified as the Department of Social Services (collectively, defendant). Plaintiff filed the action after her son, Levi, died while in foster care. Plaintiff attributes Levi's death to the allegedly improper treatment he received for his medical conditions.

Plaintiff challenges the order that granted defendant summary adjudication on the first two causes of action in her complaint, as well as the judgment entered after the superior court granted defendant's motion for nonsuit after plaintiff's opening statement at trial on her third cause of action. In the unpublished portion of this opinion, we conclude that the superior court properly granted defendant's motion for summary adjudication, because the claim plaintiff filed for her injuries was not presented in a timely manner. We also hold, however, that the trial court erred in granting defendant's motion for nonsuit, on plaintiff's third cause of action for intentional infliction of emotional distress, because the validity of the third cause of action did not depend, as defendant asserted, on plaintiff's status as guardian of her son at the time the events alleged occurred. Generally, individuals have the right to be free from outrageous conduct by others that is undertaken with the intention of causing, or with reckless disregard of the probability of causing, emotional distress. Contrary to the trial court's holding, plaintiff's right and defendant's corresponding duty not to intentionally inflict emotional distress was not dependent on plaintiff's status as her son's legal guardian.

In the published portion of this opinion, we hold that a motion for nonsuit, pursuant to Code of Civil Procedure section 581c, subdivision (a), does lie in a trial by the court. We publish on this issue because the disagreement of our concurring colleague demonstrates that there is a conflict of authority.

Accordingly, the judgment is reversed and the matter remanded for further proceedings.

## FACTUAL AND PROCEDURAL SUMMARY

Plaintiff has two living children, Sarah and Fanny; Levi died on September 15, 2003, while in foster care. Defendant was responsible for removing Levi from plaintiff's care. Plaintiff believes Levi died because his medical condition was diagnosed incorrectly and, consequently, he received improper medical care. Defendant believes Levi died due to a genetic condition, Lowe Syndrome.[1]

---

[1] Lowe Syndrome, also known as Lowe-Terrey-MacLachlan Syndrome or oculocerebrorenal syndrome, is defined as "a congenital [syndrome] with hydrophthalmia [marked increase of intraocular pressure with enlargement of the eyeball, usually in infancy], cataracts, mental retardation, aminoaciduria [excessive excretion of amino acids in the urine], reduced ammonia production by the kidney, and vitamin D-resistant rickets." (Stedman's Medical Dict. (25th ed.

Funeral arrangements for Levi were made by his foster parents, who were his legal guardians at the time of his death.[2] Plaintiff claims she became distressed when, among other things, she was not told of his death in a timely fashion and when she was denied participation in the planning of his funeral services.

Plaintiff's displeasure led to the filing of a complaint in Fresno Superior Court. Plaintiff included her daughters, Sarah and Fanny, as parties plaintiff. The complaint contained three causes of action. The first cause of action alleged defendant's negligence caused Levi's death. The second cause of action alleged plaintiffs suffered severe emotional distress as a result of defendant's negligence in causing Levi's death. The third cause of action alleged that defendant "did not inform or notify plaintiffs of [Levi's] passing"; made funeral arrangements and decisions "independent of and without consulting with plaintiffs"; buried Levi without plaintiffs' consent and without conducting an autopsy requested by them; "actively discouraged plaintiffs from attending Levi's funeral"; compelled plaintiffs, at the funeral, "to occupy the back portion of the room" and made plaintiffs "to feel . . . like second-class citizens"; attempted to prevent plaintiffs from viewing Levi's body and berated them "in an abusive manner" when they requested to do so; dressed Levi inappropriately in his coffin and "contrary to the way [plaintiffs] wanted him presented"; and denied plaintiffs' request that Levi's burial plot be located "near that portion in the cemetery near his other family members." All of these actions were "deeply troubling and offensive to plaintiffs" and were done with malice toward them.

Defendant's answer admitted Levi died while in foster care and that Levi was placed in foster care as a result of defendant's actions. The answer denied the remaining charging allegations and asserted the defense of plaintiffs' failure to comply with the California Tort Claims Act (Gov. Code, § 900 et seq.), along with other affirmative defenses.

Defendant filed a motion for summary judgment, which was denied because the motion did not seek to dispose of the entire action, only the first two causes of action. Defendant immediately filed a motion for summary adjudication directed at the first and second causes of action. Defendant asserted it was entitled to judgment because each cause of action was barred by plaintiffs' failure to present a timely claim.

1990) p. 1533.) According to the Lowe Syndrome Association Web site, the condition is a rare genetic condition that occurs only in males and is caused by a single defective gene. The defect in the gene precludes production of an essential enzyme, causing the resulting medical problems. (<http://www.lowesyndrome.org/Lowe%20Syndrome/whatIsLS.html> [as of Aug. 16, 2007].)

[2] The record indicates that the foster parents were Levi's legal guardians for 13 of the 17 years of his life.

Plaintiffs filed an opposition to the motion that admitted the claims were filed untimely, but argued they were entitled to a 30-day "grace period" because of the emotional distress they suffered as a result of Levi's death. The trial court distinguished the case on which plaintiffs relied and granted defendant's motion.

The matter proceeded to trial on the remaining cause of action for intentional infliction of emotional distress related to the events that occurred after Levi died. The trial court first disposed of Fanny's claims. She admittedly was a minor and, although plaintiff had successfully moved to be appointed her guardian ad litem, no lawyer was retained to represent her. Finding Fanny was a minor and not represented by counsel, the trial court dismissed her claim.

Sarah was an adult. Her claim was dismissed, however, because the trial court determined that she failed to file a claim with defendant in a timely manner.

Next, plaintiff, the only remaining party plaintiff, gave her opening statement. When she was finished, defendant moved for nonsuit, arguing the foster parents had the right to arrange for Levi's burial because they remained his guardians until after his funeral. Thus, in defendant's view, all of plaintiff's claims about mistreatment after Levi's death could not provide a basis for recovery because she did not have the right to request an autopsy or to participate in the planning of the funeral. The trial court granted the motion for nonsuit.

Only plaintiff appeals from the ensuing judgment.

## DISCUSSION

Plaintiff continues to represent herself in this court. Her brief is difficult to understand. We believe she is claiming the trial court erroneously granted the motion for summary adjudication and erroneously granted the motion for nonsuit.

I. *The Motion for Summary Adjudication*[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[*]See footnote, *ante*, page 198.

## II. *The Motion for Nonsuit*

As stated earlier, the trial court granted a motion for nonsuit as to plaintiff's cause of action for intentional infliction of emotional distress related to the events that occurred after Levi died. Before we address the propriety of granting nonsuit under the circumstances of this case, we must first address a threshold legal issue—to wit, the question whether nonsuit is available in a court trial. Our concurring colleague believes it is not. We disagree.

### A. *Nonsuit is available after an opening statement in a court trial*

■ Defendant's motion for nonsuit was made and granted pursuant to Code of Civil Procedure section 581c, subdivision (a) (hereafter section 581c(a)), which permits a defendant to make a motion for nonsuit after the plaintiff has presented an opening statement. The question is whether the availability of this motion is limited to jury trials. The relevant statutory language is as follows: "[A]fter . . . the plaintiff has completed his or her opening statement, or after the presentation of his or her evidence in a trial by jury, the defendant . . . may move for a judgment of nonsuit." (*Ibid.*)

The nonsuit motion is to be distinguished from a motion for judgment pursuant to Code of Civil Procedure section 631.8. Both motions can be made without waiving the moving party's right to offer evidence in the event the motion is denied. (§§ 581c(a), 631.8, subd. (a).) Unlike a motion for nonsuit, however, a motion for judgment is available only after the party against whom the motion is made has presented his or her evidence. Further, in ruling on a motion for nonsuit, the trial court is required to "assume that all relevant evidence" offered by the plaintiff is true, "and all reasonable inferences or doubts [are] to be resolved in [the] plaintiff's favor. [Citation.] In ruling upon the motion, the court [is] not permitted to judge the credibility of the witnesses, or weigh the evidence." (*Estate of Pack* (1965) 233 Cal.App.2d 74, 76–77 [43 Cal.Rptr. 361].) In a motion for judgment, on the other hand, the trial court must decide questions of credibility, must weigh the evidence, and must make findings of fact. (*Ibid.*; compare 7 Witkin, Cal. Procedure (4th ed. 1997) Trial, § 416, pp. 476–477 and authorities cited therein with *id.* at § 439, pp. 497–499 and authorities cited therein.) Finally, pursuant to the express terms of Code of Civil Procedure section 631.8, a motion for judgment is available only in a trial by the court.

The Code of Civil Procedure section 631.8 motion for judgment came into being with the enactment of Senate Bill No. 570 (1961 Reg. Sess.) (hereafter Senate Bill No. 570) in 1961. (Stats. 1961, ch. 692, § 2, p. 1927.) The legislation was designed to address criticisms that had been leveled at the use

of the nonsuit motion, with its accompanying restrictions on judging the evidence, after presentation of the plaintiff's evidence in court trials. The criticism was directed at the waste of judicial resources inherent in the use of the nonsuit motion in that context.

In *Lasry v. Lederman* (1957) 147 Cal.App.2d 480 [305 P.2d 663], for example, the trial court granted nonsuit to the defendant after the plaintiff presented his evidence, based on an inference adverse to the plaintiff drawn from the plaintiff's evidence. The reviewing court was compelled to reverse. The trial court's inference, while reasonable, was not the only reasonable inference to be drawn from the plaintiff's evidence and, under the restrictions of the nonsuit motion, the lower court was bound to accept all inferences that favored the plaintiff and reject those that did not. (*Id.* at p. 488.) The appellate court recognized the potential for waste of resources: "It could well be argued that there is little purpose in requiring a trial judge to listen to a long, drawn-out defense when he is convinced the plaintiff has failed to prove a case. In theory, however, his mind must remain a blank with respect to the credibility of the witnesses and the weight of the evidence and the inferences until the case is submitted. This, of course, is pure fiction. He is not brought to the consciousness of his convictions immediately upon submission of the case. But under the rule he must defer his decision although the evidence of the defendant will probably serve no purpose other than to bury a cause long since dead." (*Id.* at pp. 488–489; see also *Lich v. Carlin* (1960) 184 Cal.App.2d 128, 138–140 [7 Cal.Rptr. 555] (conc. opn. of Duniway, J.); *White v. Shultis* (1960) 177 Cal.App.2d 641, 647 [2 Cal.Rptr. 414].)

The new Code of Civil Procedure section 631.8 motion for judgment, made available by Senate Bill No. 570, allowed the trial court to avoid the unnecessary deferral of a ruling that otherwise could be made after the plaintiff's evidence. It also allowed the defendant to submit the case on the merits after presentation of the plaintiff's evidence, without being put to the Hobson's choice of presenting unnecessary evidence or taking the chance of losing without it. (*Lich v. Carlin, supra,* 184 Cal.App.2d at p. 140 (conc. opn. of Duniway, J.).)

At the same time that the motion for judgment was made available by Senate Bill No. 570, and by the same piece of legislation, section 581c was amended to add the words "in a trial by jury" to the first sentence of the first paragraph: "[A]fter . . . the plaintiff has completed his or her opening statement, or after the presentation of his or her evidence in a trial by jury . . . ." (Underscoring added.)

In *Estate of Pack*, the court stated that "[t]he enactment of Code of Civil Procedure section 631.8 effectively abolished motions for nonsuit, where . . . trial is before the court without a jury." (*Estate of Pack, supra,* 233 Cal.App.2d at p. 77.) The court made this statement, however, in the context of a motion for nonsuit made after the plaintiff's presentation of evidence. (*Id.* at p. 75.) We believe the court did not intend its comment to extend to motions for nonsuit made after the plaintiff's opening statement.[5]

The idea that the motion for nonsuit in court trials was abolished by Senate Bill No. 570 has been stated several times. Each time, however, this has occurred in the context of a motion made after the plaintiff presented his or her evidence. (E.g., *Ford v. Miller Meat Co.* (1994) 28 Cal.App.4th 1196, 1200 [33 Cal.Rptr.2d 899] ["Initially, we note that although the parties contend the court granted Alpha Beta's motion for nonsuit, in a trial by the court a motion for nonsuit is not recognized. The correct motion is for judgment pursuant to Code of Civil Procedure section 631.8, the purpose of which is to enable the court, after weighing the evidence at the close of the plaintiff's case, to find the plaintiff has failed to sustain the burden of proof, without the need for the defendant to produce evidence"]; *Commonwealth Memorial, Inc. v. Telophase Society of America* (1976) 63 Cal.App.3d 867, 869, fn. 1 [134 Cal.Rptr. 58] [appeal from "nonsuit" granted after close of plaintiff's evidence; "In a trial by the court, which this was, a motion for nonsuit is no longer recognized. The correct motion is a motion for judgment. [Citations.] Accordingly, we treat the order granting defendant's motion for nonsuit as a judgment for defendant pursuant to Code of Civil Procedure section 631.8"]; *Stockton v. Ortiz* (1975) 47 Cal.App.3d 183, 199 [120 Cal.Rptr. 456] [in an appeal from judgment entered pursuant to Code Civ. Proc., § 631.8, court says "Although . . . section 631.8, enacted in 1961, was probably intended as a substitute for nonsuits in nonjury trials, it is still not a nonsuit" (fn. omitted)]; *East-West Capital Corp. v. Khourie* (1970) 10 Cal.App.3d 553 [89 Cal.Rptr. 369] ["judgment of nonsuit" after plaintiff's presentation of evidence was erroneous because nonsuit not available in court trials and if treated as a judgment per § 631.8 still erroneous because required findings not made].)

---

[5] The authority *Estate of Pack* cited for the proposition that the motion for nonsuit had been "effectively abolished" in court trials—36 State Bar J. 710–711—is a brief article describing Senate Bill No. 570. It states: "It is a question of interpretation whether amended § 581c permits defendant in a trial to the **court** to make a motion for nonsuit at the close of plaintiff's 'opening statement,' as distinguished from plaintiff's 'presentation of evidence.' The wording and punctuation of § 581c and the subject matter of § 631.8 indicate that this may still be done, though in 'court' cases a motion for nonsuit after plaintiff's 'presentation of evidence' will no longer lie." (*Selected 1960–1961 Legislation* (1961) 36 State Bar J. 710, 711.)

In contrast, in *Gonsalves v. City of Dairy Valley* (1968) 265 Cal.App.2d 400 [71 Cal.Rptr. 255] (*Gonsalves*), the appeal was from a judgment of nonsuit granted pursuant to Code of Civil Procedure section 581c after the plaintiff's opening statement. (*Gonsalves*, at p. 401.) The *Gonsalves* court flatly rejected the appellants' argument that, after Senate Bill No. 570, the motion for nonsuit was not available after the plaintiff's opening statement in court trials. We agree with and adopt the court's reasoning: "Appellants' argument is predicated upon an ungrammatical and illogical reading of amended section 581c. Appellants say the words 'in a trial by jury' qualify the phrase 'after the plaintiff has completed his opening statement,' just as they qualify the phrase 'the presentation of his evidence,' with the result that the right to a judgment of nonsuit upon completion of the opening statement applies only to jury trials. The argument accords no potency to the use of a comma in the separation of the two phrases, a most significant and efficacious use of this unit of punctuation. Appellants' interpretation is also illogical and unacceptable in that it would mean that a motion for nonsuit upon the completion of the opening statement could be made and granted in a jury case but not in a case tried by the court. This is not the law." (*Gonsalves, supra,* 265 Cal.App.2d at p. 403.)

Other opinions of the Courts of Appeal, as well as secondary authorities, agree. (*Nelson v. Specialty Records, Inc.* (1970) 11 Cal.App.3d 126, 141 [89 Cal.Rptr. 540] (*Nelson*) ["The motion for dismissal (nonsuit) was properly granted upon the pleadings on which the case went to trial. As we earlier noted, a motion for a nonsuit upon opening statement of counsel is not foreclosed by the 1961 amendment to section 581c . . . even in a trial to a court sitting without a jury"]; *Enterprise Leasing Corp. v. Shugart Corp.* (1991) 231 Cal.App.3d 737, 747, fn. 5 [282 Cal.Rptr. 620] [citing *Gonsalves* and *Nelson,* court rejects plaintiff's contention that a § 581c motion for nonsuit after an opening statement will lie only in a jury trial]; see also *Abeyta v. Superior Court* (1993) 17 Cal.App.4th 1037, 1040 [21 Cal.Rptr.2d 680], *Walker v. Capistrano Saddle Club* (1970) 12 Cal.App.3d 894, 897 [90 Cal.Rptr. 912] [both opinions assume, without discussion, that nonsuit is available in court trial after plaintiff's opening statement]; see 7 Witkin, Cal. Procedure, *supra,* Trial, § 416, p. 477 ["Although procedures for a 'motion for judgment' in court trials have been established . . . , the nonsuit motion remains available in court trials on completion of the plaintiff's opening statement"]; Wegner et al., Cal. Practice Guide: Civil Trials and Evidence (The Rutter Group 2006) ¶ 12.215, p. 12-44 ["A nonsuit may be granted after (but not before) completion of plaintiff's opening statement in either a jury or nonjury trial"].)

█ Under the "last antecedent rule" of statutory construction, "[e]vidence that a qualifying phrase is supposed to apply to all antecedents instead of only to the immediately preceding one may be found in the fact that it is separated from the antecedents by a comma." (*White v. County of Sacramento*

(1982) 31 Cal.3d 676, 680 [183 Cal.Rptr. 520, 646 P.2d 191].) ▉ Under the last antecedent rule, if the words "in a trial by jury" in section 581c(a) applied not only to the phrase "after the presentation of his . . . evidence" but also to the phrase "after . . . the plaintiff has completed his . . . opening statement," there would be a comma before "in a trial by jury." (See *Garcetti v. Superior Court* (2000) 85 Cal.App.4th 1113, 1120 [102 Cal.Rptr.2d 703].)

We conclude that the words and punctuation used in section 581c(a) produce a plain and unambiguous meaning—specifically, a superior court conducting a court trial has the authority to grant a motion for nonsuit after the plaintiff's opening statement.

▉ Often, our statutory analysis does not extend beyond identifying a statute's plain and unambiguous meaning. (*Pratt v. Vencor, Inc.* (2003) 105 Cal.App.4th 905, 909 [129 Cal.Rptr.2d 741] [" ' "If there is no ambiguity in the language, we presume the Legislature meant what it said and the plain meaning of the statute governs" ' "].) The presumption mentioned in *Pratt* is not conclusive. Further analysis is necessary where arguments are raised that the unambiguous language of the statute, when applied, will produce results that frustrate, rather than comport with, the purpose of the statute. (*County Sanitation Dist. No. 2 v. County of Kern* (2005) 127 Cal.App.4th 1544, 1620 [27 Cal.Rptr.3d 28]; see *Provigo Corp. v. Alcoholic Beverage Control Appeals Bd.* (1994) 7 Cal.4th 561, 567 [28 Cal.Rptr.2d 638, 869 P.2d 1163] [plain meaning of constitutional provision rejected to avoid absurdity].)

Here, our concurring colleague appears concerned that, as a practical matter, our statutory interpretation will produce results that frustrate the statutory purpose of providing parties with a fair procedure that promotes judicial efficiency. We recognize that each statutory interpretation has strengths and weaknesses. For example, our interpretation will avoid the expenditure of court time in taking a plaintiff's evidence where the plaintiff's opening statement unequivocally exposes the inability of the plaintiff to prove a cause of action. The balancing of these strengths and weaknesses of the two interpretations of section 581c(a) is not so one sided as to justify deviating from the plain language of the statute.[6]

▉ In particular, we disagree with the prediction that, because of our ruling, plaintiffs will be required to make "*a substantive opening statement in every court trial.*" (Conc. & dis. opn., *post*, at p. 212.) Instead, plaintiffs in

---

[6] In other words, the balance struck by the plain language of the Legislature is not unreasonable. When the Legislature has achieved a reasonable balance of potential future consequences, a court should not rewrite or repunctuate the Legislature's enactment to achieve a different balance. To do so would overlook the separation of powers among the three distinct branches of government.

court trials are required to present an opening statement where the defendant makes a motion for nonsuit. Further, under the proper procedures for nonsuit, plaintiffs are required to address only those shortcomings in their case that are explicitly made grounds for the motion. (*John Norton Farms, Inc. v. Todagco* (1981) 124 Cal.App.3d 149, 161 [177 Cal.Rptr. 215] [" 'only the grounds specified should be considered by the lower court in its ruling, or by the appellate court on review' "].) Further, plaintiffs must be permitted the opportunity to amend their opening statement in response to a subsequent motion for nonsuit. (*Panico v. Truck Ins. Exchange* (2001) 90 Cal.App.4th 1294, 1299 [109 Cal.Rptr.2d 638] [nonmoving "party must be given the opportunity to amend the opening statement so as to correct its supposed defects"]; see *John Norton Farms, Inc. v. Todagco, supra,* at p. 161 ["since the motion for nonsuit is designed to call attention to correctable defects, granting such a motion after the plaintiff's opening statement can be upheld only where it is clear that counsel has stated all the facts"].) The dire prediction that courts across the state will be disrupted because of our holding in this case fails to take into account that, though two much-cited practice books have for some time stated that the motion for nonsuit is available as we today rule it is, none of the predicted disruption has thus far occurred.

Our concurring colleague is correct in the view that we could decide this case without deciding the issue whether nonsuit is available in a court trial after the plaintiff's opening statement. Were we to avoid the issue, however, there would still be a potential conflict between the opinions in *Estate of Pack, supra,* 233 Cal.App.2d 74 (at least as our colleague reads it) and *Gonsalves, supra,* 265 Cal.App.2d 400. Further, if our holding as to the application of section 581c(a) is incorrect, there would be at least two oft-used secondary authorities—7 Witkin, California Procedure, *supra,* Trial, and Wegner et al., California Practice Guide: Civil Trials and Evidence, *supra,* chapter 12B— that would be wrong also but left uncorrected.

▇ For those reasons, and based on the legislative history, case law, secondary authorities, and rule of statutory construction we have discussed, we conclude that superior courts are authorized to grant motions for judgment of nonsuit after a plaintiff's opening statement in a court trial.

We proceed, therefore, to the question whether the nonsuit motion here was properly granted, which we answer in the negative.

B. *Nonsuit was not appropriate**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

*See footnote, *ante,* page 198.

## DISPOSITION[11]

The judgment is reversed and the matter remanded to the superior court with directions to vacate the order granting the motion for judgment of nonsuit as to the third cause of action. The order granting defendant's motion for summary adjudication is affirmed. The parties shall bear their own costs on appeal.

Levy, Acting P. J., concurred.

**CORNELL, J.,** Concurring and Dissenting.—I concur in the decision of the majority that the judgment must be reversed. Janice Lingenfelter stated facts in her opening statement that could expose the County of Fresno and its Human Services System (collectively, the County) to a judgment for intentional infliction of emotional distress. The trial court therefore erred in granting judgment for the County.

I am writing separately, however, to state my disagreement with (1) the decision of the majority to discuss the propriety of a motion for nonsuit in a court trial, and (2) the analysis of the issue by the majority.

"Appellate courts generally will not address issues whose resolution is unnecessary to disposition of the appeal. [Citations.]" (Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2005) ¶ 8:202, p. 8-126.) The majority, in what can be described only as obiter dicta, offers an analysis of an issue that was unnecessary to resolve the dispute presented to us. Since dicta is not binding authority (*Katie V. v. Superior Court* (2005) 130 Cal.App.4th 586, 598 [30 Cal.Rptr.3d 320]), this discussion should have been omitted from the majority opinion.

I also believe the majority reaches the wrong conclusion.

The majority recognizes that Code of Civil Procedure section 631.8,[1] the statutory basis for a motion for judgment, was added to the code in 1961 (Stats. 1961, ch. 692, § 2, p. 1927) as a result of the enactment of Senate Bill No. 570 (1961 Reg. Sess.) (hereafter Sen. Bill No. 570). Section 631.8, which is limited to court trials, permits a defendant to move for judgment only after

---

[11] Given our analysis and disposition in this matter, we deny as moot defendant's requests that we (1) grant judicial notice of juvenile court documents to establish the date upon which dependency proceedings and the guardianship over Levi were terminated, and (2) make findings of fact pursuant to Code of Civil Procedure section 909.

[1] All further statutory references are to the Code of Civil Procedure unless otherwise stated.

the plaintiff has presented his or her evidence. The trial court is permitted to "weigh the evidence" in deciding the merits of the motion. (*Id.,* subd. (a).)

Senate Bill No. 570 (1961 Reg. Sess.) not only added section 631.8 to the code, however, it also amended section 581c, the statutory basis for a motion for nonsuit. A motion for nonsuit, similar to a demurrer, requires the trial court to accept as true plaintiff's evidence when considering the motion. Prior to the 1961 amendment, section 581c permitted a defendant to make a motion for nonsuit in either a court *or* jury trial after plaintiff had made his or her opening statement, or after the plaintiff had completed his or her presentation of evidence.

Senate Bill No. 570 added the words "in a trial by jury" to the first paragraph of section 581c (Stats. 1961, ch. 692, § 1, p. 1926) (now § 581c, subd. (a)).[2] This section now reads, in pertinent part: "Only after, and not before, the plaintiff has completed his or her opening statement, or after the presentation of his or her evidence in a trial by jury, the defendant . . . may move for a judgment of nonsuit." (§ 581c, subd. (a).)

The phrase "in a trial by jury" obviously limits the availability of a motion for nonsuit in a court trial. The issue is whether the Legislature intended the limitation to apply only to a motion for nonsuit made after the presentation of the plaintiff's evidence, or also intended the limitation to apply to a motion for nonsuit made after the plaintiff's opening statement.

The majority concludes that the limitation inserted by the Legislature applies only to motions for nonsuit made after the presentation of the plaintiff's evidence, that is, a defendant in a court trial may make a motion for nonsuit after the plaintiff's opening statement, but not after the plaintiff has presented his or her evidence. The majority opinion acknowledges there is a split of authority among the Courts of Appeal on the issue and identifies the various cases that discuss the issue on both sides.

The analysis of the majority would be more persuasive if the statute originally had been drafted as it now reads. Section 581c, however, should be analyzed in the context of the entirety of Senate Bill No. 570. When one considers the 1961 amendment in context, the error in the analysis of the majority is apparent.

---

[2] Senate Bill No. 570 also made other nonsubstantive changes to section 581c.

Senate Bill No. 570 (1961 Reg. Sess.) accomplished two tasks: (1) it limited motions for nonsuit to jury trials, and (2) it created a new motion for judgment in court trials. The most compelling conclusion to be drawn from these two actions is that the Legislature intended to create two separate procedures. One procedure is applicable to court trials, where the trial court, as the finder of fact, weighs the evidence (the motion for judgment, § 631.8). The other procedure is applicable to jury trials, where the trial court, who is not the finder of fact, accepts the plaintiff's evidence as true and preserves for the jury the duty to weigh the evidence (the motion for nonsuit, § 581c). I believe, therefore, that *Estate of Pack* (1965) 233 Cal.App.2d 74, 77 [43 Cal.Rptr. 361] was correct, and indeed meant what it said: The Legislature through Senate Bill No. 570 intended to abolish motions for nonsuit in court trials.

The adverse practical ramifications of the holding of the majority are even more compelling. That holding requires every petitioner and plaintiff to give *a substantive opening statement in every court trial.* An inadequate opening statement will result in a dismissal before the presentation of any evidence. Surely, that is not what the Legislature intended.

That holding will cause a dramatic change in how court trials are conducted. Now, judges determine what they want to hear in an opening statement, if anything. The parties frequently proceed directly to the evidence and waive opening statements. Trial briefs or a listing of disputed issues frequently replace opening statements. *No more.*

A stark example of the consequences of the holding is in family law. It would be difficult to find one judicial officer in this state who believes that *a substantive opening statement* is required in family law trials. Even one of the publishers cited by the majority to support its analysis indicates that "an opening statement is seldom needed, as the *court* is the trier of fact (no jury) and has already been made aware of these matters in pretrial chambers discussions." (Hogoboom and King, Cal. Practice Guide: Family Law (The Rutter Group 2007) ¶ 13:150, p. 13-40.) But, Family Code section 210 makes section 581c, subdivision (a) applicable to family law proceedings unless a statute or court rule states otherwise. None does. The opportunity for mischief, sharp practice and outright abuse is readily apparent. The disruption to an area of law where at least 60 percent of the litigants appear without an attorney is manifest. The goal of giving a litigant his or her day in court would be defeated. (*Elkins v. Superior Court* (2007) 41 Cal.4th 1337, 1367.)

Clearly, the Legislature needs to act to make its interpretation known. Conditions imposed by courts to soften the drastic consequences of failed attempts at an opening statement are not satisfactory. (See *Panico v. Truck Ins. Exchange* (2001) 90 Cal.App.4th 1294, 1299 [109 Cal.Rptr.2d 638]; *John Norton Farms, Inc. v. Todagco* (1981) 124 Cal.App.3d 149, 161 [177 Cal.Rptr. 215].) They certainly did not work here.

Appellant's petition for review by the Supreme Court was denied November 28, 2007, S156725. Kennard, J., and Chin, J., were of the opinion that the petition should be granted.